NO.
12-05-00284-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE STATE OF TEXAS,    §                      APPEAL FROM THE 

APPELLANT

 

V.        §                      COUNTY COURT AT LAW #2

 

DENNIS HOWARD WALKER,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


OPINION

            The State of
Texas appeals the trial court’s grant of Appellee Dennis Howard Walker’s motion
to quash the indictment.  In its sole
issue, the State contends that the trial court erred in quashing the indictment
because no culpable mental state is required for the offense.  We affirm.

 

Background

            Appellee
was charged by indictment for violating section 12.002(b) of the Texas Property
Code.  See Tex. Prop. Code Ann. § 12.002(b) (Vernon 2004).  More specifically, the indictment alleged
that, on or about February 24, 2004, Appellee recorded West Oaks Subdivision
Units II and III plat and subdivision of real property in the Smith County
Clerk’s office without approval by the appropriate authority, to wit: City of
Tyler Planning and Zoning.            








            On
July 5, 2005, Appellee filed a motion to quash the indictment.  After a hearing on August 31, the trial
court stated its ruling on the motion and its reasoning in a letter to counsel
for both parties.  The court’s analysis
began with the presumption that a culpable mental state is required unless case
law allows a prosecutor to pursue a strict liability prosecution.  The court stated that the presumption against
a strict liability prosecution strengthens if the offense is punishable by confinement.  The court also noted that there had never
been a prosecution of this offense in the state. Viewing the severity of the
possible punishment and the gravity of the expected harm to the public, the
trial court concluded that the motion to quash the indictment should be
granted.  On October 5, the trial court
signed an order quashing the indictment. 
This appeal followed.

 

Culpable
Mental State

            In
its sole issue, the State argues that the trial court erred in quashing the
indictment because the law does not require that the State allege a culpable
mental state for the offense.  Further,
the State contends that the trial court failed to consider all of the relevant
factors mandating a conclusion that the statute is one of strict liability.  Appellee disagrees, arguing that the State
failed to rebut the presumption requiring a culpable mental state for the
offense. 

Statute Violated

            The
State alleged that Appellee violated section 12.002(b) of the Texas Property
Code.  This statute states as follows:

 

A person may not
file for record or have recorded in the county clerk’s office a plat or replat
of a subdivision of real property unless it is approved as provided by law by
the appropriate authority and unless the plat or replat has attached to it the
documents required by Section 212.0105 or 232.023, Local Government Code, if
applicable.

 

 

Id.  A violation of this statute is a misdemeanor,
punishable by a fine of not less than $10 or more than $1,000, confinement in
the county jail for a term not to exceed ninety days, or both.  Id. § 12.002(f).

Applicable Law

            The
sufficiency of an indictment is a question of law.  State v. Moff, 154 S.W.3d 599,
601 (Tex. Crim. App. 2004). We review de novo a trial court’s ruling on the
sufficiency of the indictment because the resolution of a question of law does
not turn on an evaluation of the credibility or demeanor of a witness.  See id. 
A fundamental defect in a charging instrument deprives the trial
court of jurisdiction.  Thompson v.
State, 44 S.W.3d 171, 176 (Tex. App.–Houston [14th Dist.] 2001, no pet.).

            If
the definition of an offense does not prescribe a culpable mental state, one is
nevertheless required unless the definition plainly dispenses with any mental
element.  Tex. Pen. Code Ann. § 6.02(b)
(Vernon 2003).  A trial court must look
for a manifest intent to dispense with the requirement of a culpable mental
state.  Aguirre v. State,
22 S.W.3d 463, 472 (Tex. Crim. App. 1999). 
Silence of a statute about whether a culpable mental state is an element
of the offense leaves a presumption that one is required.  Id.  In the absence of an express intent to
dispense with the requirement of a culpable mental state, we must inquire
whether such an intent is manifested by other features of the statute.  Id.  These features include the language of the
statute; the nature of the offense as either malum prohibitum or malum
in se; the subject of the statute; the legislative history of the statute;
the seriousness of harm to the public; the defendant’s opportunity to ascertain
the true facts; the difficulty in proving a culpable mental state; the number
of prosecutions expected; and the severity of the punishment.  Id. at 472-76. 

            If,
in fact, the statute plainly dispenses with a culpable mental state as an
element of the offense, it is a strict liability statute.  See Thompson, 44 S.W.3d at
177.  A strict liability statute is based
upon the principle that “a person who commits an act in violation of the law
may be held criminally liable even though he might be innocent of any criminal
intent.”  Id. (quoting Vaughan
& Sons, Inc. v. State, 737 S.W.2d 805, 818 (Tex. Crim. App. 1987)
(Teague, J., dissenting)). 

Analysis

            We
begin by observing that section 12.002(b) of the Texas Property Code does not
include a culpable mental state as an element of the offense.  See Tex.
Prop. Code Ann. § 12.002(b). 
Because the statute is silent regarding a culpable mental state, we
presume that culpability is required.  Thompson, 44 S.W.3d at 178.  In order to determine whether the statute
manifests an intent to dispense with a culpability requirement, we examine
other features of the statute.  Id.

            Language
of the statute.  If any section of the statute prescribes a
mental state while another section omits a mental state, we presume the
legislature intended to dispense with a mental element in that section.  Id. (citing Aguirre,
22 S.W.3d at 473).  In this case, the
section regulating the filing of a subdivision plat or replat is silent as to mental
state.  As such, we do not presume the
drafters of the statute intended to dispense with a culpable mental state as an
element of the offense.  See id.
Therefore, this factor weighs in favor of requiring a culpable mental state.

            Nature
of the offense as malum prohibitum or malum in se.  Traditionally, malum in se offenses
include acts that are inherently immoral such as murder, arson, or rape.  Id.  However, a malum prohibitum offense is
defined as an act that is a crime merely because it is prohibited by statute,
although the act itself is not necessarily immoral.  Id.  Malum prohibitum offenses include
speeding, illegal dumping of trash, and possession of a firearm while under a
domestic restraining order.  Id.  The implication is that a strict liability
offense must be malum prohibitum. 
Aguirre, 22 S.W.3d at 473. 
Because violation of this statute cannot be considered inherently
immoral, it is a malum prohibitum offense.  Thus, this factor weighs against requiring a
culpable mental state.

            Subject
of the statute.  Strict liability
statutes are traditionally associated with the protection of public health,
safety, or welfare.  Id.  The court of criminal appeals has upheld
statutes that impose strict liability for offenses including air and water pollution,
driving while intoxicated, sale of horse meat for human consumption,
adulteration of food, and speeding.  Id.
at 475& n.47; Thompson, 44 S.W.3d at 179 & n.5.  The statute in this case regulates the proper
filing of a subdivision plat or replat with the county clerk.  The State argues that this statute affects
public welfare or safety because the general public is endangered by purchasing
home lots while unaware that a future highway may be built on their lots.  The class of public safety statutes that
appellate courts have found to impose strict liability comprises statutes that
punish dangerous activities which may result in serious physical injury or
death to members of the public.  See Aguirre,
22 S.W.3d at 475 & n.47; Thompson, 44 S.W.3d at 179 & n.5.  The potential harm from the offense charged
in this case is not of that nature.  As
such, this factor weighs in favor of requiring a culpable mental state.

            Legislative
history of the statute.  The only
significant legislative history of this statute is that fines and criminal
penalties were added in 1987.  Act of
Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 22, 1987 Tex. Gen. Laws 1301, amended
by, Act of May 20, 1999, 76th Leg., R.S., ch. 1382, § 8, 1999 Tex. Gen.
Laws 4682.  However, this statute never
included a culpable mental state.  The
State contends that such an omission after several amendments indicates that
the legislature intended a violation of the statute to be a strict liability
offense.  However, we cannot find any
authority or legislative history to support this contention, nor has the State
cited any.  Moreover, the amending of the
statute without adding a mental state does not rise to the level of “a manifest
intent to dispense with the requirement of a culpable mental state.”  See Aguirre, 22 S.W.3d at
472; State v. Abdallah, 64 S.W.3d 175, 179 (Tex. App.–Fort Worth
2001, pet. ref’d).  Therefore, this
factor is, at most, neutral.

            Seriousness
of harm to the public.  Again, it
is proper to consider whether this statute relates to public health, safety, or
welfare. Abdallah, 64 S.W.3d at 178. Generally, the more serious
the consequences to the public, the more likely the legislature meant to impose
liability without regard to fault. Thompson, 44 S.W.3d at 180. In
most strict liability offenses, the statutes protect unwitting and unwilling
members of the public from the noxious and harmful behavior of others in
situations in which it would be difficult for members of the public to protect
themselves. Id. The State argues that the harm to the public is
the increased cost to build the proposed highway and the cost of eminent domain
proceedings. However, the monetary harm that could result from this offense is
not of the same nature as the harm contemplated by strict liability statutes
such as speeding, driving while intoxicated, adulteration of food, and air and
water pollution. See Abdallah, 64 S.W.3d at 178. Such
statutes involve serious risks to the public, including serious physical injury
or death. Thus, this factor weighs in favor of requiring a culpable mental
state.

            Defendant’s
opportunity to ascertain the true facts. This factor should be viewed
in the context of who, as between one in a business or an ordinary citizen,
would have greater knowledge of the accepted standards of conducting the
activity out of which the offense arose. 
Id. at 180.  In
other words, we must consider who is in the best position to prevent the
violation.  Id.   The State contends that knowledge was imputed
to Appellee, as a developer of real estate, regarding the plat filing
requirements for developing a subdivision. 
Nonetheless, there is nothing in the statute indicating that it only
applies to those whose business is real estate or property.  See id.; Tex. Prop. Code Ann. § 12.002(b).  As Appellee pointed out in oral argument, the
statute could apply to an ordinary citizen who desires to subdivide a family
farm.  See Tex. Prop. Code Ann. § 12.002(b). Unlike a person involved in
the business of real estate or property, an ordinary citizen is not in a position
to know that such a law exists.  See id.  As such, this factor weighs in favor of
requiring a culpable mental state.

            Difficulty
in proving a mental state.  The
greater the difficulty in proving a mental state, the more likely legislators
intended to create a strict liability offense to ensure more effective law
enforcement.  Thompson, 44
S.W.3d at 181.  The State argues that the
difficulty in proving a mental state in this statute is high because the
statute does not mandate that the actual recording of a particular plat be done
by the person charged with the offense. 
Intent is a matter of fact to be determined from all of the
circumstances.  Smith v. State,
965 S.W.2d 509, 518 (Tex. Crim. App. 1998). A defendant’s intentions or
culpable mental state can be inferred from circumstantial evidence, such as his
words, acts, and conduct.  See id.;
Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004).  Because intent may be inferred from a
defendant’s words, actions, and conduct, proving a mental state in this statute
is no more difficult than proving a mental state in another offense, such as
murder or robbery.  See Abdallah,
64 S.W.3d at 181.  Thus, this factor
weighs in favor of requiring a culpable mental state.

            Number
of prosecutions expected.  The
fewer the expected prosecutions for commission of an offense, the more likely
the legislature meant to require prosecuting officials to delve into the issue
of fault.  Thompson, 44
S.W.3d at 182.  The State argues that
this factor should be treated as neutral because the record is silent on this
factor.  At oral argument, the State
admitted that it could find no prosecutions of this statute.  In his brief, Appellee pointed out that there
have been no reported prosecutions in twenty-three years since the statute’s
enactment.  Both parties stated that
reported appellate cases are the only source from which this information would
be available to them.  Because neither
the State nor Appellee could find any prosecutions of this statute, this factor
weighs in favor of requiring a culpable mental state.

            Severity
of the punishment.  The greater
the possible punishment, the more likely some fault is required.  Aguirre, 22 S.W.3d at 476.  Strict liability is generally associated with
civil violations that are punishable by fine only.  Thompson, 44 S.W.3d at
180.  Conversely, if the offense is
punishable by confinement, the presumption against strict liability
strengthens.  Id.  A violation of this section is punishable by
a fine, confinement not to exceed ninety days, or both.  See Tex.
Prop. Code Ann. § 12.002(f). 
Possible confinement of up to ninety days for violation of this statute
is a strong indication that a culpable mental state is required.  See Thompson, 44 S.W.3d at
180-81.  Therefore, this factor weighs in
favor of requiring a culpable mental state.

            A
majority of the factors we have considered weigh in favor of requiring a
culpable mental state.  However, these
factors are not equally important.  See Aguirre, 22 S.W.3d at 473
(acknowledging that the subject of the statute has been the most important
factor in recent cases). In our analysis, we consider the seriousness of the
possible punishment, ninety days in jail, as a particularly important factor
that weighs against strict liability.  See
Ex parte Weise, 23 S.W.3d 449, 454 (Tex. App.–Houston [1st Dist.]
2000), rev’d on other grounds, 55 S.W.3d 617 (Tex. Crim. App.
2001).  Because the majority of the
factors weigh in favor of requiring a culpable mental state and the punishment
includes ninety days of confinement, we cannot say that the statute manifests
an intent to dispense with a culpable mental state sufficient to overcome the
presumption that one was required. See Aguirre, 22 S.W.3d at
477.  Thus, we must conclude that a
culpable mental state was required in the indictment.  See id.  Accordingly, the State’s sole issue is
overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered April 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)