02-09-167-169-CR















 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                               NOS.
 2-09-167-CR

        2-09-168-CR

        2-09-169-CR

 

 

WESLEY WAYNE MILLER                                                                  APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                                       ------------

 

          OPINION ON PETITIONS
FOR DISCRETIONARY REVIEW

 

                                                       ------------

After
reviewing both the State=s petition and Appellant=s
petition for discretionary review, we withdraw our opinion and judgment of
August 31, 2010, and substitute the following.

I. 
Introduction








On
October 23, 2006, a jury adjudged Appellant Wesley Wayne Miller to be a violent
sexual predator, making him subject to a civil commitment order.  By three separate indictments filed in August
and December 2008, a grand jury indicted Appellant for the third degree
felonies of violating his civil commitment order.[1]  Appellant filed motions to quash each of the
indictments, and he pleaded guilty to each offense after the trial court denied
the motions to quash. In two points, Appellant argues that the trial court
erred by failing to quash the August 2008 indictment in Cause Number 1112197D (Appellate Cause Number 02-09-00167-CR) because it
does not allege an offense in clear and intelligible terms and by failing to
quash the December 2008 indictments in Cause Numbers 1139006D
and 1139010D (Appellate Cause Numbers 02-09-00168-CR
and 02-09-00169-CR) because they do not allege offenses against the law.  We affirm.

II.  Background








A
jury convicted Appellant in 1982 of murder and assessed his punishment at twenty‑five years in prison.  See In re Miller, 262 S.W.3d 877, 881 (Tex. App.CBeaumont
2008, pet. denied), cert. denied, 130 S. Ct. 156 (2009).  Near the end of Appellant=s
twenty-five-year prison term, the State filed a petition for civil commitment
under the Texas Sexually Violent Predator Act (the Act).  Id. at 881; see Tex. Health
& Safety Code Ann. ' 841.002(7‑a),
(8)(D) (Vernon 2010). 
Following a jury trial, the jury unanimously found beyond a reasonable
doubt that Appellant is a sexually violent predator as defined by health and
safety code section 841.003.  See
Tex. Health & Safety Code Ann. '
841.003 (Vernon 2010).  The resulting
judgment and civil commitment order required, among other things, that Appellant
Anot
contact, or cause to be contacted, in person, by telephone, correspondence, or
by any electronic means, a victim or potential victim of [Appellant], including
the complaining witnesses in all cases [in which Appellant] has been charged,
convicted, [or] otherwise committed@ and
that he Aparticipate
in and comply with a specific course of treatment, determined by the Council on
Sex Offender Treatment [CSOT].@

Appellant
discharged his underlying twenty-five-year sentence on February 23, 2008, and CSOT assumed sole responsibility for his supervision.  Several months later, Appellant=s
therapist determined that Appellant had violated a condition of his civil
commitment order and terminated Appellant from the sex offender treatment
program.  Appellant was then arrested for
violating the requirements of his civil commitment order, transferred to the
Tarrant County jail, classified as a maximum security inmate, and placed in
administrative segregation.

On
August 1, 2008, a grand jury indicted Appellant for violating the requirements
of his civil commitment order in May 2008 by failing to comply with the course
of treatment determined by CSOT and by having
unauthorized contact in April 2008 with K.B., a
person identified in the indictment as a family member, casual relation, or
potential victim.  On December 10, 2008,
a grand jury indicted Appellant for violating the requirements of his civil
commitment order by having unauthorized contact Awithout
approval of his case manager and treatment provider@ in
September, October, and November 2008 with S.M. and
M.M., persons identified in the indictments as family members or casual
relations.








Appellant
filed motions to quash the August and December 2008 indictments, and the trial
court denied the motions to quash after conducting a hearing.  Appellant then pleaded guilty in each case,
and the trial court sentenced him to ten years=
confinement for each offense, with the sentences to run concurrently.  These appeals followed.

III.  Alleged Ambiguity in August 2008
Indictment

Appellant
argues in his first point that the trial court erred by failing to quash the
August 2008 indictment in Cause Number 1112197D
(Appellate Cause Number 02-09-00167-CR) because it does not allege an offense
in clear and intelligible terms.  The
State responds that Appellant failed to preserve this issue for appellate
review because he did not make this argument to the trial court.

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).  The code of criminal
procedure specifically provides,

If
the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on
the merits commences, he waives and forfeits the
right to object to the defect, error, or irregularity and he may not raise the
objection on appeal or in any other postconviction
proceeding.

 








Tex.
Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 2005).  Further, when the
objection made in the trial court does not comport with the argument made on
appeal, the appellant fails to preserve the argument for our review.  See Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim.
App. 2002).  AExcept
for complaints involving systemic (or absolute) requirements, or rights that
are waivable only, which are not involved here, all
other complaints, whether constitutional, statutory, or otherwise, are
forfeited by failure to comply with Rule 33.1(a).@  See Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim.
App. 2004).

Appellant
filed a motion to quash the August 2008 indictment, but he did not allege in
the motion to quash or argue at the hearing that the indictment does not allege
an offense in clear and intelligible terms; he argued only that health and
safety code section 841.150(a) contains a bar to prosecution and that he had
been denied due process and equal protection. 
Because Appellant=s appellate argument
concerning the August 2008 indictment does not comport with the objections and
arguments he made in the trial court, Appellant has not preserved his first
point for appellate review.  See id.;
Martinez, 91 S.W.3d at 336; see also Tex.
Code Crim. Proc. Ann. art. 1.14(b) (providing that a
defendant waives any complaint concerning an indictment by not objecting at
trial).  We overrule Appellant=s
first point.

IV.  December 2008 Indictments








Appellant
contends in his second point that the trial court erred by failing to quash the
December 2008 indictments in Cause Numbers 1139006D
and 1139010D (Appellate Cause Numbers 02-09-00168-CR
and 02-09-00169-CR), which allege that Appellant violated the requirements of
his civil commitment order by contacting family members or casual relations in
September, October, and November 2008 Awithout
approval of his case manager and treatment provider.@  Specifically, Appellant argues that the
relevant statutory chapter, health and safety code chapter 841,
provides that its provisions are suspended while he is confined and that the
indictments therefore do not state offenses against the law because he was
confined in September, October, and November 2008.

A.  Applicable Law

1.  Sufficiency of Indictment








The
sufficiency of an indictment is a question of law that we review de novo.  State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004).  In the
face of a timely-filed motion to quash, an indictment must be analyzed to
determine whether it states on its face the facts necessary to allege that an
offense was committed, to bar a subsequent prosecution for the same offense,
and to give the accused notice of the precise offense with which he is
charged.  DeVaughn
v. State, 749 S.W.2d 62, 67 (Tex. Crim. App.
1988); see Rotenberry v. State, 245 S.W.3d
583, 586 (Tex. App.CFort
Worth 2007, pet. ref=d).  The indictment must state facts which, if
proved, show a violation of the law; the indictment must be dismissed if such
facts would not constitute a criminal offense. 
Posey v. State, 545 S.W.2d 162, 163
(Tex. Crim. App. 1977); State v. Williams, 780 S.W.2d
891, 894 (Tex. App.CSan
Antonio 1989, no pet.).  An indictment
that fails to allege an offense is so defective that it cannot vest jurisdiction.  Tex. Const. art. V, ' 12(b); Studer
v. State, 799 S.W.2d 263, 272B73
(Tex. Crim. App. 1990).  However,
the State need not allege facts that are merely evidentiary in nature.  Bynum v. State, 767 S.W.2d 769, 778 (Tex. Crim. App. 1989).  A motion to quash should be granted only when
the language regarding the accused=s
conduct is so vague or indefinite that it fails to give the accused adequate
notice of the acts that he allegedly committed. 
DeVaughn, 749 S.W.2d at 67.

2.  Health and Safety Code Chapter 841

Chapter
841 of the health and safety code sets forth the procedures and requirements applicable before and after a person is
adjudicated a sexually violent predator. 
See Tex. Health & Safety Code Ann. ' 841.001B.150
(Vernon 2010).  Once a person has been
adjudicated a sexually violent predator, the trial court is required to Aimpose
on the person requirements necessary to ensure the person=s
compliance with treatment and supervision and to protect the community.@  Id. '
841.082(a).  That civil commitment order
must include, among other things, requirements that the person participate in
and comply with a specific course of treatment and that the person not contact
a victim or potential victim.  Id.
'
841.082(a)(2), (4). 
The person commits a third degree felony if he violates a requirement of
his civil commitment order.  Id. '
841.085(a), (b).

Chapter
841 also imposes duties on the person=s
case manager to provide supervision to the person, coordinate the person=s
outpatient treatment, and provide semi-annual reports.  Id. '
841.083(b), (e).  However, section
841.150(a) provides that A[t]he duties imposed by
[chapter 841] are suspended for the duration of any confinement of a person, or
any commitment of a person to a community center, mental health facility, or
state school, by governmental action.@  Id. '
841.150(a).








B.  Analysis

At
the motion to quash hearing, Appellant presented evidence that he was confined
at the time he allegedly violated his civil commitment order in September,
October, and November 2008.  Relying on
that evidence, Appellant argues that the December 2008 indictments in Cause
Numbers 1139006D and 1139010D
(Appellate Cause Numbers 02-09-00168-CR and 02-09-00169-CR) do not allege
offenses against the law because health and safety code section 841.150(a)
provides that the duties imposed by Chapter 841 were suspended while he was
confined.  The State responds that the
issue is one of notice, that the sufficiency of an indictment is determined by
comparing the face of the indictment to the applicable statute, that the
reviewing court cannot consider the factual record in determining the
sufficiency of the indictment, and that the indictments provided Appellant with
sufficient notice of violations of his civil commitment order.[2]  We agree with the State.








On
their faces, the December 2008 indictments identify Appellant and allege that
he is a person subject to a civil commitment order, that he intentionally or
knowingly violated the requirements of that civil commitment order, and that he
violated the civil commitment order on specific dates by contacting identified
family members or casual relations without the approval of his case
manager.  Health and safety code section
841.085 provides that a person commits a third degree felony if he violates a
requirement of his civil commitment order. 
See Tex. Health & Safety Code Ann. ' 841.085(a),
(b).








The
December 2008 indictments invoked the trial court=s
jurisdiction because they charged Appellant with the commission of the crime of
violating a civil commitment order.  See
Teal v. State, 230 S.W.3d 172, 182 (Tex. Crim.
App. 2007); see also Tex. Health & Safety Code Ann. ' 
841.085(a), (b).  Further, the
indictments provided Appellant with sufficient notice of the charges against
him by adequately setting forth facts alleging that Appellant violated his
civil commitment order by contacting identified persons on identified dates
without his case manager=s approval.  See Ahmad v. State, 295 S.W.3d 731, 747 (Tex. App.CFort
Worth 2009, pet. ref=d) (AThe
Sixth Amendment requires that the defendant be apprised of the >nature
and cause= of
the accusation against him with such clarity and detail that he can adequately
prepare a defense.@) (citing
Moff, 154 S.W.3d at
601).  Indeed, Appellant clearly had
notice of the charges against him; at the motion to quash hearing, Appellant
called witnesses to testify about his confinement, and he argued that the trial
court should quash the December 2008 indictments because his confinement at the
time of the alleged offenses meant that he did not violate his civil commitment
order.  That Appellant may or may not
have had a factual defense that he was confined at the time he contacted the
identified family members or casual relations is not relevant to our analysis
in determining whether the trial court should have granted Appellant=s
motion to quash because we are confined to the face of the indictment and the
applicable statute and because the State need not allege facts that are merely
evidentiary in nature.[3]  See DeVaughn,
769 S.W.2d at 67; Bynum,
767 S.W.2d at 778; Rotenberry, 245 S.W.3d at 586.  The
December 2008 indictments in Cause Numbers 1139006D
and 1139010D (Appellate Cause Numbers 02-09-00168-CR
and 02-09-00169-CR) invoked the trial court=s
jurisdiction and provided Appellant with sufficient notice of the charges
against him.  Therefore, we overrule
Appellant=s
second point.

V. 
Conclusion

Having
overruled each of Appellant=s
two points, we affirm the trial court=s
judgments.

PER CURIAM

 

PANEL:  GARDNER and MCCOY, JJ.; and WILLIAM BRIGHAM
(Senior Justice, Retired, Sitting by Assignment).

 

PUBLISH

 

DELIVERED:  November 8, 2010











[1]See Tex. Health &
Safety Code Ann. ' 841.085 (Vernon
2010).





[2]The State also argues
that Appellant has briefed only count one of the December 2008 indictments and
has therefore forfeited any complaint about the remaining counts in each
indictment.  We disagree.  All counts in the December 2008 indictments
are identical except for the name of the person contacted and the date of the
contact; Appellant=s brief refers to all
dates in September, October, and November 2008 on which he allegedly violated
his civil commitment order; Appellant=s second point is framed as encompassing all
counts in each of the December 2008 indictments; and Appellant=s prayer seeks
reversal of the judgments in their entirety. 
Thus, Appellant did not forfeit any complaint concerning the December
2008 indictments.





[3]We express no opinion
as to whether Appellant actually had a factual defense to the third-degree
felony of violating the terms of his civil commitment order because the
standard of review applicable in this case prohibits any consideration of the
factual record from the motion to quash hearing.  See Moff,
154 S.W.3d at 601B02; Adams v. State, 707 S.W.2d 900, 903B04 (Tex. Crim. App. 1986).  We also express no opinion concerning the effect
of health and safety code section 841.150(a) on the facts of this case.  See Tex. Health & Safety Code Ann.
' 841.150(a)
(providing that Athe duties imposed by
this chapter are suspended for the duration of any confinement of a person, or
any commitment of a person to a community center, mental health facility, or
state school, by governmental action@).