COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| VERONICA GANDARA, | § | No. 08-10-00133-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 7 |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20090C08374) |
| | § | |

# O P I N I O N

Appellant, Veronica Gandara, appeals from her conviction for deceptive business practices, alleging that it was based upon a defective information.  We affirm.

## BACKGROUND

Appellant was originally charged by information with two counts of deceptive business practices in Cause Number 20070C016571 ("2007 case"), as follows:

> In the name and by authority of the State of Texas, Clinton Cross, Assistant County Attorney in and for the County of El Paso, State of Texas, presents to the of El Paso County, Texas [sic], in and for said county, at its July term A.D. 2007 that on or about January 9, 2007[,] and before the filing of this information, in said County of El Paso, State of Texas, Veronica Gandara[:]
>
> COUNT ONE
>
> did then and there in the course of business, doing business as Sierra Metals Inc.[,] intentionally, knowingly and recklessly commit a deceptive business practice in connection with the sale of property, and services to Michele Guo by selling, by delivering after the sale less than the represented quantity of said property and services, to wit:  sold metal, and thereafter failed to deliver the metal as represented.
>
> COUNT TWO
>
> did then and there in the course of business, doing business as, Sierra Metals Inc.[,]

intentionally, knowingly and recklessly commit a deceptive business practice in connection with the sale of property, and services to Michele Guo by selling, by delivering after the sale less than the represented quantity of said property and services, to wit: represented to Michele Guos [sic] that she had metal for sale, when in fact she did not have metal for sale.

Against the peace and dignity of the State.[1]

The information arose from a complaint, signed by Detective A. Nava on September 8, 2007, which

stated in relevant part:

> Before me, the undersigned authority, on this day personally appeared Detective Alfredo Nava[,] Jr. #217 who after being by me duly sworn, on oath deposes and says that he has good reason to believe and does believe that heretofore to wit, on or about the 11th day of July, 2007[,] and before filing of this complaint in the County of El Paso, the State of Texas, one Veronica Gandara . . . hereinafter called Defendant, did then and there unlawfully, commits [sic] an offense if in the course of business [she] commits one or more of the following deceptive business practices[:] Texas Penal Code section 32.42.
>
> Facts to Support: The complainant business, Global Metal and Plastic sent their General Manager, Michelle Guo to seek a business that sold scrap metal. Ms. Guo was referred to Sierra Metals in Socorro, Texas. Ms. Guo met with the Defendant and agreed to a business transaction to purchase a load of scrap metal for the amount of $50,000.00. Business transaction was conducted on 01-09-2007. As of the above listed date the reporter has not received the shipment of scrap metal. Ms. Guo has made various attempts via telephone and in person to check on the status of her shipment. Ms. Guo has met with the Defendant and has received misleading information. Against the peace and dignity of the State.[2]

Thus, the 2007 information alleged the date of offense as occurring "on or about January 9, 2007," which was the date of the business transaction in Count I, rather than July 11, 2007, the date on which Appellant failed to provide the metal. Subsequently, the State moved to dismiss the 2007

---

[1] Both parties have attached exhibits to their briefs and have argued regarding the state of the record on appeal. We have examined the record fully and find that while some of the parties' exhibits are contained within the record on appeal, some are not. We have not considered any evidence that has not been made a part of the Reporter's Record or that was not filed in the Clerk's Record in the case pending before us. *See* TEX. R. APP. P. 34. The 2007 case documents referenced herein were admitted into evidence during a hearing in the case before us and as such, are a part of the Reporter's Record.

[2] For convenience, we refer to Detective Nava's supplemental police report complaint affidavit as "Detective Nava's complaint."

case, noting that the same case had been re-filed with a 2009 cause number and the trial court granted the motion.

The 2009 information alleged a single count of deceptive business practices occurring "on or about July 11, 2007," the date on which Appellant failed to produce the purchased metal, but was otherwise identical to the allegations contained in Count I of the previous 2007 information.[3] The 2009 information was also based upon Detective Nava's complaint.

On September 2, 2009, the State sought to amend the 2009 information, in part, to add this recitation:

> The statute of limitations is tolled in this case pursuant to Article 12.05(b) & (c), Tex. Code of Criminal Procedure because the State previously filed an information in this court in cause number 20070C16571 alleging in count one the same act, same transaction, the same criminal conduct, the same victim, and a violation of the same provisions of the Texas Penal Code alleged in the information in this [2009] case.

The trial court heard the State's motion to add the tolling language at a pretrial hearing. After considering Appellant's objections regarding the changed date of offense from January 9, 2007, to July 11, 2007, the trial court granted the State's motion to amend the 2009 information. At a subsequent hearing, the trial court directed the State to amend the information by hand with interlineations and to provide a copy to Appellant for the purpose of forming any objections she may have to the proposed amendment.

On March 15, 2010, Appellant filed a combined motion to quash and motion to dismiss, which was erroneously marked with the 2007 cause number. There, Appellant contended that the 2009 information was defective because it did not state an offense under Texas Penal Code Section 32.42 or describe the elements required and defined by Article 27.08 of the Texas Code of Criminal

---

[3] The 2009 information retained only the allegations contained in Count I of the 2007 information. The allegations set forth in Count II of the 2007 information were not alleged in the 2009 information.

Procedure. Appellant argued that the statute of limitations was not tolled under Article 12.05(b) or (c) of the Code of Criminal Procedure because the 2007 complaint and information were dismissed and did not include the elements of a cause of action for which Appellant was charged. She also argued that a material variance resulted because the complaint alleged that the offense occurred on or about January 9, 2007, and the amended information alleged the date of offense as occurring on or about July 11, 2007. According to Appellant, because the complaint was void, the information was also void and the variance was fatal to the validity of the information.[4]

The State filed a brief in opposition to Appellant's motions on March 15, 2010, wherein it explained that the 2009 information alleged the same conduct, the same act, and the same transaction as set forth in the 2007 information but merely corrected the date of offense as occurring on July 11, 2007. The State noted that the significance of the "on or about" date was not only to notify Appellant of the date of offense but to show that prosecution of the offense is not barred by the statute of limitations. The State argued that it may prove that the offense occurred on a date other than the one alleged so long as the date is anterior to the presentment of the information, is not barred by limitations, and the offense relied upon otherwise met the description of the offense identified in the charging instrument. Noting that it desired to amend its 2009 information to allege an offense date that conformed to the original 2007 complaint under Article 28.10 of the Code of Criminal Procedure, the State argued that such pleadings did not surprise Appellant as she had filed her motions under the 2007 cause number rather than the 2009 cause number.

---

[4] The Clerk's Record contains a non-file-stamped First Amended Motion to Quash, or in the Alternative, Motion to Dismiss wherein Appellant complained that a material variance in dates existed between the "original" complaint dated September 8, 2007 (alleging an offense date of July 11, 2007), and the amended information and complaint dated December 7, 2007 (alleging an offense date of January 9, 2007). She then asserts that the September 8, 2007, complaint charges a different offense from the information, and that the attempted amended complaint dated December 14, 2007, charges a different offense from the September 8, 2007 complaint. We have examined the "December 14, 2007" complaint referenced by Appellant and note that it was a part of the 2007 case, which the trial court dismissed.

The following day, the trial court considered Appellant's combined motions. There, Appellant argued that the information failed to state an offense under Texas Penal Code Section 32.42, failed to describe the elements as defined in Article 27.08 of the Code of Criminal Procedure, and that "nowhere in the complaint, the *original* complaint if you're going back to it, does it say anything under 32.42." (Emphasis added). The trial court recited a summary of Appellant's argument:

> Okay. So what you are saying is that what is in the September 8th, 2007 affidavit does not jive with what is in the information that has now been amended . . . And the gist of [your] claim is that the September '07 report states . . . that the reporter has not received the shipment of scrap metal. And what is alleged in the information is that a selling or delivering of less than a represented quantity to wit: sold metal and failed to deliver the metal as represented. . . . It seems to jive okay to me. . . . I don't see a – a variance that is significant.

The trial court denied Appellant's combined motions to quash or dismiss.

On March 25, 2010, the day before trial, the court conducted a hearing on Appellant's supplemental motion to her first amended motion to quash and erroneously called the case under the 2007 cause number, 20070C16571. The State reminded the trial court that the motion had been erroneously filed under the 2007 cause number, that it was the 2009 case that was to be considered by the court, and stated that it did not object to the motion being heard under the 2009 cause number. Accordingly, the trial court called the case under the 2009 cause number and proceeded to hear arguments. Appellant's counsel acknowledged that he had received a copy of the 2009 information containing the State's handwritten amendments dated March 16, 2010. The State introduced, and the trial court admitted into evidence, the 2007 complaint and information for the purpose of tolling the statute of limitations and for the appellate purpose of establishing what was in the 2007 case

record.[5] The State again noted that the same complaint in the 2009 case had been on file in the 2007 case for more than two years, thus providing proper notice of the charges, and explained that the only difference between them was the date of offense. Appellant contended that the trial court was without jurisdiction because the 2007 complaint charged a felony theft of $50,000, whereas the information merely charged a deceptive trade practices violation. Appellant argued that the State improperly changed Detective Nava's initial complaint to fit Section 34.42(b)(2) of the Deceptive Trade Practices Act. TEX. PENAL CODE ANN. § 32.42(b)(2) (West 2011). The State argued that a deceptive business practice consists of "selling and then failing to deliver" and that Detective Nava's complaint sufficiently put Appellant on notice of a DTPA violation in that she sold and then failed to deliver metal. The State explained that the $50,000 value did not preclude the filing of a misdemeanor charge under the DTPA as it did not impose a financial limit on such practices. The trial court denied Appellant's motions.

On March 26, 2010, Appellant pleaded guilty in Cause Number 20090C08374 ("2009 case") to deceptive business practices. The trial court deferred adjudication of guilt and placed Appellant on deferred-adjudication probation for one year and ordered Appellant pay $29,000 restitution to Michelle Guo, court costs, and community supervision fees. The trial court granted Appellant the right to appeal all pretrial matters raised by written motion filed and ruled on before trial.

## DISCUSSION

In two issues, Appellant generally complains that the trial court erred in denying her motion to quash the allegedly defective information because the charging instruments contained a

---

[5] The records included Detective Nava's September 2007 complaint affidavit in a supplemental police report, two additional complaints, and a motion to dismiss the 2007 case, which the State noted was granted by the trial court on August 13, 2009.

substantive defect and were not in substantial conformity.[6] Appellant specifically complains (1) that the charging instruments contained an impermissible variance in dates and (2) asserts that the trial court erred in permitting the State to amend the "affidavit," as it allegedly broadened or substantially amended the charges in the original information.

*Standard of Review*

When reviewing a trial court's decision to deny a motion to quash a charging instrument, we apply a *de novo* standard of review. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007), *cert. denied*, 553 U.S. 1007, 128 S.Ct. 2056, 170 L.Ed.2d 798 (2008); *State v. Moff*, 154 S.W.3d 599, 601, 603 (Tex. Crim. App. 2004). When a motion to quash a charging instrument is overruled, a defendant suffers no harm unless he did not, in fact, receive notice of the State's theory against which he would have to defend. *Moff*, 154 S.W.3d at 601, 603; *see also* TEX. CODE CRIM. PROC. ANN. art. 21.19 (West 2009).

A complaint is a sworn allegation charging an accused with the commission of an offense and must substantially satisfy the requisites of Article 45.019. TEX. CODE CRIM. PROC. ANN. arts. 45.018(a), 45.019 (West 2006). An information is a written statement filed and presented on behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be prosecuted and must comport with the requisites of Article 21.21. TEX. CODE CRIM. PROC. ANN. arts. 21.20, 21.21 (West 2009). The information may be sworn to before the district or county attorney who, for that purpose, has the power to administer the oath, or it may be made before any officer authorized by law to administer oaths. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2009). An information is sufficient if, among other things, the time mentioned therein is a date anterior to

---

[6] In her reply brief, Appellant presents a "continuing course of conduct" argument. Finding this complaint not presented to the trial court, we find that it is not preserved for our consideration. TEX. R. APP. P. 33.1(a).

the filing of the information, and that the offense does not appear to be barred by limitation. TEX. CODE CRIM. PROC. ANN. art. 21.21(6) (West 2009). An information shall not be presented until a complaint, an affidavit made by a credible person charging the defendant with an offense, has been filed therewith. TEX. CODE CRIM. PROC. ANN. art. 21.22 (West 2009). A complaint is a sworn allegation charging an accused with the commission of an offense and must substantially satisfy the requisites of Article 45.019, including the requirement that the complaint state the date the offense was committed as definitely as the affiant is able to provide. TEX. CODE CRIM. PROC. ANN. arts. 45.018(a), 45.019(a)(5) (West 2006).

*Application*

Section 32.42 of the Texas Penal Code provides that a person commits an offense if in the course of business he intentionally, knowingly, recklessly, or with criminal negligence commits a deceptive business practice by selling less than the represented quantity of a property or service. TEX. PENAL CODE ANN. § 32.42(b)(2) (West 2011). Detective Nava's complaint alleged that on or about July 11, 2007, Appellant committed an offense in the course of business, a deceptive business practice under Texas Penal Code Section 32.42, as she never delivered the metal to Guo. The facts recited in support thereof state that on January 9, 2007, a business transaction was conducted whereby Guo agreed to purchase a load of scrap metal for $50,000 from Appellant.

The 2009 information alleged that on or about July 11, 2007, Appellant intentionally, knowingly, and recklessly committed a deceptive business practice in connection with the sale of property and services to Guo by delivering after the sale less than the represented quantity of metal and thereafter failed to deliver the metal as represented. Thus, the 2009 information substantially conformed with the allegations in Detective Nava's complaint. We do not find a material variance that is fatal to the trial court's jurisdiction as Appellant alleges. Moreover, Appellant was not

harmed because she received notice of the State's theory against which she had to defend. *Moff*, 154 S.W.3d at 603. Accordingly, the trial court did not err in denying Appellant's motion to quash the information upon this basis. Issue One is overruled.

As to Issue Two, Article 28.10 of the Code of Criminal Procedure permits the State to amend charging instruments on a matter of form or substance after notice and an opportunity to respond to the amended instrument are provided to the defendant. TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006). Article 12.05(b) provides that the time during the pendency of an information shall not be computed in the period of limitation. TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West 2005). Thus, a prior indictment tolls the statute of limitations for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction. *Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004).

Here, the complaint was the same in both the 2007 and 2009 cases. The 2007 and 2009 informations contained identical language charging the same conduct, same act, and same transaction in Count I.[7] The amendment to the 2009 information merely added language identifying that the 2007 information tolled the statute of limitations under Article 12.05. The statute of limitations for a misdemeanor offense, as in this case, is two years. TEX. CODE CRIM. PROC. ANN. art. 12.02 (West 2005). Time is not usually a material element of an offense and the primary purpose of specifying a date in a charging instrument is not to notify the accused of the date of the offense but, rather, to show that prosecution is not barred by the statute of limitations. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998).

Appellant essentially contends that because the 2007 information alleged the charged offense occurred on or about January 9, 2007, the 2009 information was likewise required to allege the same

---

[7] The charges in Count II of the 2007 information were not alleged in the 2009 information.

date of occurrence. It is clear from our review of the record that the State sought and obtained the dismissal of the 2007 information because January 9, 2007, was not the date of offense but was the date of the initial business agreement. The State thereafter re-filed the case in 2009 against Appellant alleging the exact same offense in Count I with a correct date of offense, July 11, 2007. Appellant was provided adequate notice of the charges filed against her. Because the offense date of July 11, 2007, and the statute-of-limitations tolling amendment did not broaden or substantially amend the charges in the original 2007 information, the trial court did not err in denying Appellant's motion to quash upon these bases. TEX. CODE CRIM. PROC. ANN. art. 28.10 (West 2006); TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West 2005); *Hernandez*, 127 S.W.3d at 774. The trial court did not err in denying Appellant's motions upon these bases. Issue Two is overruled.

## CONCLUSION

Issues One and Two are overruled and the trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

July 27, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)