

IN THE
TENTH COURT OF APPEALS

No. 10-12-00025-CR

GLEN DAVIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 13th District Court
Navarro County, Texas
Trial Court No. 22622-CR

MEMORANDUM OPINION

Glen Dale Davis appeals from his conviction for the offense of continuous sexual abuse of a child for which he was sentenced to life in prison. TEX. PEN. CODE ANN. § 21.02 (West 2011). Davis complains that the indictment failed to provide sufficient notice of the charged offense, that the statute is unconstitutional, and that the trial court erred by failing to adequately "guide" the jury on the principle of "beyond a reasonable doubt." Because we find no reversible error, we affirm the judgment of the trial court.

## SUFFICIENCY OF THE INDICTMENT

Davis complains that the indictment was inadequate to allow him to prepare a defense. The indictment tracked the language of section 21.02(d), stating that Davis did "during a period that was 30 or more days in duration, to-wit: from on or about January 1, 2008 through March 11, 2011, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age, namely, indecency with a child by intentionally or knowingly engaging in sexual contact with T.D. by touching the genitals of T.D."

Davis filed a pretrial motion to quash the indictment alleging that it did not provide adequate notice for him to be able to prepare a defense because there were no allegations as to the number of acts of sexual abuse the defendant had committed or references to the time the acts were allegedly committed. After a hearing, the trial court denied Davis's motion.

*Standard of Review*

The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Therefore, we review de novo a trial court's ruling on a motion to quash an indictment. *Id*. An indictment is sufficient when it charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that

degree of certainty that will give the defendant notice of the particular offense with which he is charged. TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009).

Davis complains that the indictment should have been required to set forth each specific act in order to give him adequate notice. The right to notice is set forth in both the United States and Texas Constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Moff*, 154 S.W.3d at 601. In addition, the Texas Code of Criminal Procedure provides guidelines relating to the sufficiency of an indictment. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 21.03 (West 2009) ("Everything should be stated in an indictment which is necessary to be proved."); TEX. CODE CRIM. PROC. ANN. art. 21.04 ("The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."); TEX. CODE CRIM. PROC. ANN. art. 21.11 ("An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment…."). Accordingly, the charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. *Moff*, 154 S.W.3d at 601. "An indictment is generally sufficient as long as it

tracks the language of a penal statute that itself satisfies the constitutional requirement of notice." *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007).

A complaint that an indictment does not provide adequate notice alleges a defect in form. *Olurebi v. State*, 870 S.W.2d 58, 61 (Tex. Crim. App. 1994). A defect of form does not render an indictment insufficient unless the defect "prejudice[s] the substantial rights of the defendant." TEX. CODE CRIM. PROC. ANN. art. 21.19 (West 2009); *Olurebi*, 870 S.W.2d at 61. To determine whether the defendant had notice adequate to prepare his defense, we must first determine whether the charging instrument failed to provide all the requisites of "notice." *Olurebi*, 870 S.W.2d at 61 (*citing Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986). If the indictment gave sufficient notice, our inquiry ends. *Id*.

Davis complains that the indictment failed to "specify how many acts of sexual abuse the Defendant is alleged to have committed nor does it allege any time reference for each of said acts other than being within the period of more than three years." The State contends, and we agree, that the indictment tracks the applicable statutory language by alleging each element of the offense of continuous sexual abuse of a child as set forth in the penal code. *See* TEX. PENAL CODE ANN. § 21.02(b). The indictment also alleges the different means by which Davis was alleged to have committed the offense by listing in detail the specific acts of sexual abuse allegedly committed by him.

The acts listed constitute an "act of sexual abuse" under the statute. *See* TEX. PENAL CODE ANN. § 21.02(c)(2).

Further, Davis complains that the indictment inadequately describes the number of alleged acts of sexual abuse by merely averring "two or more." The State responds that the specific number and dates of the acts are not required for adequate notice because they are evidentiary in nature. We agree. An indictment that tracks the language of the statute is legally sufficient and the State need not allege facts that are merely evidentiary in nature. *Livingston v. State*, 739 S.W.2d 311, 321 (Tex. Crim. App. 1987). Section 21.02 of the Texas Penal Code is a statute that creates a single element of a series of sexual abuse, which requires two or more occurrences. *Render v. State*, 316 S.W.3d 846, 858 (Tex. App.—Dallas 2010, pet. ref'd.). It does not make each act of sexual abuse a separate element of the offense, rather each act is a manner and means of the element of the series of sexual abuse. *See Jacobsen v. State*, 325 S.W.3d 733, 737 (Tex. App.—Austin 2010, no pet.). Because the indictment properly alleged a series of sexual abuse as set forth in the statute as constituting two or more of the offenses listed in the statute, the indictment was adequate. We overrule issue one.

### JURY UNANIMITY

Davis's second issue complains that section 21.02(d) of the Penal Code is unconstitutional because it does not require jury unanimity of specific acts of sexual abuse. However, this complaint was not raised to the trial court in Davis's motion to

quash the indictment or at any time during the trial. Davis does not complain on appeal that the jury charge is erroneous regarding jury unanimity.

Constitutional challenges to a statute generally are forfeited by failure to object at trial. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); *see also Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). The constitutionality of a statute as applied must be raised in the trial court to preserve error. *Curry*, 910 S.W.2d at 496; *see Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial"). Further, a defendant may not raise a facial challenge to the constitutionality of a statute for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

Although Davis filed a motion to quash the indictment, he did not assert that the count should be quashed because the statute is unconstitutional regarding jury unanimity. Nor did he inform the trial court that he believed the statute constitutionally infirm when he affirmatively did not object to the jury charge. Davis did not file a motion for new trial. Accordingly, because Davis did not assert any constitutional infirmity within the statute before the trial court, we hold that Davis has forfeited this complaint. *See* TEX. R. APP. P. 33.1(a); *Karenev*, 281 S.W.3d at 434; *Flores*, 245 S.W.3d at 437 n.14; *Curry*, 910 S.W.2d at 496. We overrule issue two.

## FAILURE TO INSTRUCT ON REASONABLE DOUBT

Davis's third issue is entitled "The jury was not guided on the 'beyond a reasonable doubt' principle." We will construe his complaint as a failure to include some instruction or definition of "beyond a reasonable doubt" in the jury charge. Davis did not object to the charge on this basis nor does the record reflect that he requested an instruction or definition of "beyond a reasonable doubt" to be included in the jury charge. However, all jury charge errors are cognizable on appeal under *Almanza*. *Jennings v. State*, 302 S.W.3d 306, 311 (Tex. Crim. App. 2010) (*citing Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

The Court of Criminal Appeals has determined that courts may or may not define the term "reasonable doubt" in the jury charge. *Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004). That Court has also stated that "the better practice is to give no definition of reasonable doubt at all to the jury." *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). We do not find that the jury charge was erroneous on this basis. We overrule issue three.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 20, 2012
Do not publish
[CRPM]