OPINION
 

 MEYERS, J.,
 

 delivered the opinion of the Court,
 

 in which KELLER, P.J., and WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., join.
 

 The Appellee, Moff, was charged with intentional, knowing and reckless misapplication of fiduciary property. Tex. Pen. Code § 32.45(b). The indictment submitted by the district attorney failed to specify the transaction or transactions involved. Moff filed a motion to quash the indictment, which was granted by the trial court. The trial court’s order directed the State to re-file the indictment, specifying which purchases were alleged to be unauthorized. The State appealed, and the Court of Appeals reversed the trial court’s order quashing the indictment.
 
 State v. Moff,
 
 133 S.W.3d 648 (Tex.Crim.App.2003). Appellee filed a petition for discretionary review, asserting that the trial court had the discretion to quash the indictment and to require more specificity. We granted review to determine “[wjhether a trial court abuses its discretion when it requires more specificity in an indictment alleging recklessness and spanning seven years which fails to identify which of the countless transactions during that time span the State may rely on for conviction.” We hold that this issue warrants a
 
 de novo,
 
 rather than an abuse of discretion standard of review. After a
 
 de novo
 
 review, we conclude that the Court of Appeals erred by reversing the trial court’s order because the accused was deprived of the notice required to prepare an adequate defense.
 

 FACTS
 

 Moff was the chief appraiser of Nueces County for twenty years. In his capacity as chief appraiser, he was responsible for making various purchases for the County. A grand jury indicted Moff for alleged misapplication of fiduciary property. The indictment read:
 

 On or about and between January 1, 1993 and December 31, 1999, George Moff did then and there intentionally, knowingly, and recklessly misapply property, to wit: money and credit cards, of the value of $20,000.00 or more but less than $100,000.00, that the said defendant held as a fiduciary in a manner that involved substantial risk of loss to the Nueces County Appraisal District, the owner of said property, and the person for whose benefit the property was held, by using said money and credit cards to make purchases without the effective authorization of the Nueces County Appraisal District Board of Directors.
 

 Appellee filed a motion to quash the indictment for failing to specify which purchases were made without the authorization of the Appraisal District Board of Directors. Moff was also under indictment on two other charges that might have involved the same item or items, and he argued that until he knew which purchases were alleged to be unauthorized, he could not raise the defense that the charges in the current indictment were jeopardy barred. The trial court held an initial hearing on the motion, during which the State argued that the identification of which purchases were unauthorized was an evidentiary issue that Appellee could learn through discovery. The court deferred ruling on the motion. At a subsequent hearing to determine which purchases were alleged to be unauthorized, the State acknowledged that its report on charges for the time period
 
 *587
 
 identified in the indictment was 60 pages long, but stated that it was not required to disclose which purchases were unauthorized. The State argued that it had not yet determined which charges it planned to use to support its case against Appellee. The trial court then granted the motion to quash and ordered the State to re-file its indictment to assert with specificity which purchases were allegedly unauthorized. On appeal, the State asserted that the indictment included all elements of the offense, and left out only evidentiary matters not required to be pled. The Court of Appeals held that the trial court abused its discretion in granting the motion to quash.
 

 STANDARD OF REVIEW
 

 Prior to our decision in
 
 Guzman v. State,
 
 955 S.W.2d 85 (Tex.Crim.App.1997), abuse of discretion was the standard employed by our Court when reviewing a trial court’s decision to quash an indictment. But we did not have occasion to analyze its appropriateness. However, we now determine that a
 
 de novo
 
 review is more' appropriate in a case such as the one before us. The amount of deference appellate courts afford a trial court’s rulings depends upon which “judicial actor” is better positioned to decide the issue.
 
 Guzman,
 
 955 S.W.2d at 89. The sufficiency of an indictment is a question of law. When the resolution of a question of law does not turn on an evaluation of the credibility and demeanor of a witness, then the trial court is not in a better position to make the determination, so appellate courts should conduct a
 
 de novo
 
 review of the issue. While this case is different from
 
 Guzman
 
 in that it involves the Appellee’s due process right to notice of the charges against him, our reasoning for modifying the standard of review is the same. The trial court’s decision in this case was based only on the indictment,
 
 [1]
 
 the motion to quash, and the argument of counsel, so the trial court was in no better position than an appellate court to decide this issue. Because the Court of Appeals used an abuse of discretion standard of review, we will conduct a
 
 de novo
 
 review of the trial court’s ruling rather than review the decision of the Court of Appeals.
 

 NOTICE
 

 The right to notice is set forth in both the United States and Texas Constitutions.
 
 See
 
 U.S. Const, amend. VI; Tex. Const, art. I, § 10. Thus, the charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense.
 
 State v. Mays,
 
 967 S.W.2d 404, 406 (Tex.Crim.App.1998);
 
 Daniels v. State,
 
 754 S.W.2d 214, 217 (Tex.Crim.App.1988);
 
 Adams v. State,
 
 707 S.W.2d 900, 901 (Tex.Crim.App.1986). In addition, the Texas Code of Criminal Procedure provides guidelines relating to the sufficiency of an indictment.
 
 See, e.g.,
 
 Article 21.03 (“Everything should be stated in an indictment which is necessary to be proved.”); Article 21.04 (“The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense.”); Article 21.11 (“An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment. ...”).
 

 Here, the indictment followed the statute for misapplication of fiduciary property, which provides:
 

 A person commits an offense if he intentionally, knowingly, or recklessly misap
 
 *588
 
 plies property he holds as a fiduciary or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.
 

 Tex.Pen.Code. § 32.45(b). We have stated that ordinarily, an indictment is legally sufficient if it delineates the penal statute in question.
 
 Daniels,
 
 754 S.W.2d at 218;
 
 Thomas v. State,
 
 621 S.W.2d 158, 161 (Tex.Crim.App.1981) (opinion on rehearing);
 
 Haecker v. State,
 
 571 S.W.2d 920, 921 (Tex.Crim.App.1978). However, these cases are different from the case before us because the issue in them relates to whether the
 
 terms
 
 used in the indictment are sufficiently specific to provide notice to the defendant. Thus, this rule applies when the indictment is framed under a statute in which the act constituting the offense is defined so that the accused is informed of the nature of the charge.
 
 Haecker,
 
 571 S.W.2d at 921. Additionally, this rule does not mean that a trial court cannot require the State to amend an indictment which tracks the language of the statute when more notice is needed so that the accused can adequately prepare a defense.
 

 Because fundamental constitutional protections are involved, if a defendant files a timely motion stating that the indictment does not provide adequate notice, there are some circumstances in which the trial court may require more information. In
 
 Drumm,
 
 the appellant filed a motion to quash, stating that the information failed to give sufficient notice. The trial court overruled the motion. We reversed the judgment and stated that:
 

 Because of the fundamental notions of fairness that require adequate notice of the nature of the charges against the accused in our system of justice, a timely claim of inadequate notice requires careful consideration.... When the defendant petitions for sufficient notice of the state’s charge by motion to quash adequately setting out the manner in which notice is deficient, the presumption of innocence coupled with his right to notice requires that he be given such notice.
 

 Drumm,
 
 560 S.W.2d at 946-47. Thus, the accused has the right to notice that is specific enough to allow him to investigate the allegations against him and establish a defense.
 

 We have considered issues similar to the one before us in
 
 Swabado v. State,
 
 597 S.W.2d 361 (Tex.Crim.App.1980), and
 
 Amaya v. State,
 
 551 S.W.2d 385 (Tex.Crim.App.1977). In
 
 Swabado,
 
 the defendant was charged with tampering with a government record. He filed a motion to quash the indictment, contending that it was vague and ambiguous due to the fact that, as a nursing home administrator for several years prior to the indictment, he routinely prepared and filed government records including monthly staffing reports.
 
 Swabado,
 
 597 S.W.2d at 362-63. The trial court denied the motion. We held that the trial court erred in denying the motion because the indictment failed to identify the monthly staffing report on which the State would rely.
 
 Id.
 
 at 364. Thus, the statutory language was insufficient to provide the defendant with notice of the offense.
 

 The defendant in
 
 Amaya
 
 was required to make many statements to the Department of Public Welfare. The information alleging welfare fraud failed to allege which of the defendant’s statements was false. We stated that, “if a proper exception or motion to quash is filed and brought to the attention of the court before trial, the State must then respond by amending the indictment or information to include a specific allegation of what the State will rely upon to convict.”
 
 Amaya,
 
 551 S.W.2d at 387, citing
 
 American Plant Food Corp. v. State,
 
 508 S.W.2d 598, 603 (Tex.Crim.App.1974). We held that the
 
 *589
 
 defendant was entitled, upon proper exception, to know which false statement the State would rely upon for conviction.
 
 Amaya,
 
 551 S.W.2d at 387. Thus, as a general rale, an indictment must give the defendant notice of precisely what he is charged with so that he may prepare an adequate defense. However, in a case such as the one before us, in which each unauthorized transaction was a separate criminal act but together constitutes the single offense of misapplication of fiduciary duty, details regarding the specific acts on which the State intends to rely are not required to be Usted in the indictment, as long as they are provided by some other means.
 

 ANALYSIS
 

 The indictment in the case before us alleges that the illegal purchases occurred “on or about and between January 1, 1993 and December 31, 1999.” Similar to the defendant in
 
 Swabado,
 
 in his capacity as Chief Appraiser of the Nueces County Appraisal District, Moff used money and credit cards to make numerous purchases of equipment and supphes during the time period alleged in the indictment. Although the indictment correctly tracks the language of the statute, in this type of case, that alone is not sufficient to fulfill the constitutional and statutory requirements of specificity. It is unreasonable to require the defendant to gather evidence and prepare a defense for each of the credit card and cash transactions he made during the seven-year time frame in the indictment. Thus, additional information that is reasonably necessary for the defense to prepare its case must be provided. This is not to say that the State must lay out its case in the indictment, only that the defendant must be informed of the specific transactions that allegedly violate the statute. We recently stated in
 
 Kellar v. State,
 
 108 S.W.3d 311, 313 (Tex.Crim.App.2003), that “this due process requirement may be satisfied by means other than the language in the charging instrument.” In
 
 Kellar,
 
 prior to trial, the State filed an itemized list containing the dates, check numbers, and amounts of each transaction, which provided the defendant with sufficient notice to prepare his defense. This is not meant to imply that the notice requirement is always satisfied by discovery. For example, the State may not conduct “trial by ambush,” in which the information necessary to provide notice is buried somewhere in a mass of documents turned over to the defendant. The trial court must determine whether the notice given to the defendant is sufficient and should quash the indictment if the notice is not specific enough. Therefore, the trial court did not err in quashing the indictment because the State failed to give Moff sufficiently specific notice of the particular act or acts with which he is charged.
 

 We note that in the pre-trial hearing and at oral argument, the State suggested that Moff should look outside the indictment to a report generated by the Texas Rangers to identify the unauthorized purchases. The trial judge specifically rejected this idea and found that the documents that had been provided to Moff did not provide sufficiently specific notice to allow him to prepare his defense.
 
 [1]
 

 
 *590
 
 Because the indictment was quashed and the State appealed the decision of the trial court rather than re-file the indictment, there has been no trial. Since there was no trial from which to show harm, the situation before us is not subject to a harm analysis.
 

 Conclusion
 

 We hold that, because the State failed to provide sufficient notice to inform the accused of the specific acts for which he was charged, the trial court did not err in quashing the indictment. The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court to resume the proceedings.
 

 PRICE, J., concurs.
 

 [1]
 

 . [STATE] I think that the best working blueprint we have at this point we’ve already produced to them, which is the ranger’s 60-plus page report. So that, in terms of theory of a case at this point, that’s probably the best one we have.
 

 [COURT] Have you folks been talking to the — to the federal government? That’s how — that's what they do. They produce hundred-page documents and go "Somewhere in there lies the offense.”
 

 [[Image here]]
 

 But it seems to me that there seems to be a notice problem. You’ve got the dollar amount but there’s got to be some documentation that says: Well, Mr. Moff, on this date
 
 *590
 
 did A and this is what we say he did, he misappropriated or used a credit card.
 

 [[Image here]]
 

 It seems to me that if I'm going to sit here and we have a jury in the box, that a person that’s accused of a crime needs to know what he or she is accused of. For the State to say, "Well, between '93 and '99,” and produce whatever documents, and just throw it against the wall is not serving anyone, including Mr. Moff or any accused that comes into court.
 

 [[Image here]]
 

 [DEFENSE] All I’m asking them to do is identify out of the thousands of pages of documents they've produced which ones reflect something that they can — that they contend was illegal.