NO.
12-05-00410-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ASHLEY DANIELLE JAMES,       §                      APPEAL FROM THE 349TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      HOUSTON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant
Ashley Danielle James was convicted by a jury of tampering with a governmental
record and forgery.  In two issues,
Appellant challenges the legal sufficiency of the evidence to support the jury’s
finding that the document in question was a governmental record and argues that
her conviction for forgery was based upon an indictment that did not state a
criminal offense.  We affirm.

 

Background

            In
September of 2003, Appellant, a nurse, met Dr. Rayford Mitchell at a pediatric
clinic in Tyler, Texas.  At the time, Dr.
Mitchell was still in medical school. 
The two began dating and announced their engagement in October
2003.  The following month, Dr. Mitchell
broke off the engagement, declaring to Appellant that “I don’t want to marry
you.”  In response, Appellant returned
her engagement ring to Dr. Mitchell.  In
January 2004, Dr. Mitchell “emphatically” declared to Appellant that their
relationship was over and that Appellant should “[g]et out of [his] life.”

            Not
deterred by Dr. Mitchell’s wishes, Appellant embarked upon a campaign of
harassing phone calls to both Dr. Mitchell and his family.  On at least one occasion, in an attempt to
talk to Dr. Mitchell, Appellant went to the home of Dr. Mitchell’s
grandmother.  During that incident,
Appellant was very “irate” and “rude” and threatened to throw a piece of wood
through a window.

            On
February 17, 2004, Appellant called the Houston County Clerk’s Office and spoke
with Bridget Lamb, County Clerk. 
Appellant asked Lamb what was necessary to get a marriage license when
one of the license applicants was absent and unable to appear before the county
clerk.  Lamb informed Appellant that one
of the applicants could appear by absentee affidavit and that her office had a
form affidavit that could be used. 
Appellant stated to Lamb that her lawyer had previously drawn up a
marriage contract.  Lamb told Appellant
that she would accept this contract in lieu of the form affidavit if the
content of the two were basically the same.

            On
that same day, Appellant traveled to the Houston County Clerk’s Office in order
to obtain a marriage license.  Appellant
appeared before Deputy Clerk Tonia Spencer and presented a document labeled “Intent
for Marriage Agreement” as well as a completed absentee affidavit form.  Both documents lacked Dr. Mitchell’s
signature and, instead, stated that his signature could be found on the “original
contract.”  Appellant presented these
documents in this form despite the fact that Dr. Mitchell had never signed any
such contract or agreement.  The
affidavit contained a notary public’s stamp and a completed jurat and stated
that Appellant had subscribed and sworn to the affidavit before a notary.  Appellant told Spencer that her attorney had
the original “Intent for Marriage Agreement” on file.  Based upon Appellant’s presented documents
and representations, Spencer issued a marriage license and gave it to
Appellant.

            Appellant
returned the license, in completed form, to the county clerk’s office by
mail.  Although no marriage ceremony
between Appellant and Dr. Mitchell had occurred, the completed license stated
that the two had been married on February 21, 2004 by Reverend Horace Perry,
Assistant Pastor of County Line Baptist Church. 
On April 30, 2004, Appellant, holding herself out as “Ashley Danielle
James-Mitchell,” informed Dr. Mitchell that they were now married, thus
alerting Dr. Mitchell to Appellant’s efforts to fraudulently document a
nonexistent marriage.[1]

            Appellant
was indicted on two counts of tampering with a governmental record and one
count of forgery by passing.  The first
tampering count was for making a governmental record (the marriage license
application) with knowledge of its falsity and the second was for knowingly
making a false entry in a governmental record (placing the name and signature of
a person identified as a minister on the marriage license).[2]  The forgery by passing count was for
returning the completed marriage license to the county clerk’s office.[3]  The jury found Appellant guilty of the first
count of tampering with a governmental record and of forgery, but found her not
guilty of the second count of tampering with a governmental record.  The trial court sentenced Appellant to ten
years of imprisonment, probated for ten years. 
This appeal followed.

 

Legal
Sufficiency of the Evidence

            In
her first issue, Appellant contends that the evidence was legally insufficient
to support the jury’s finding that the marriage license application in question
was a governmental record. 

Standard of Review

            In
reviewing a legal sufficiency question, we must view the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The trier of fact, here the jury, is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim.
App. 1994).  The jury is entitled to draw
reasonable inferences from the evidence. 
Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.–Corpus
Christi 1988, pet. ref’d).  Likewise,
reconciliation of conflicts in the evidence is within the exclusive province of
the jury.  Losada v. State,
721 S.W.2d 305, 309 (Tex. Crim. App. 1986).

Discussion

            Section
37.10 of the Texas Penal Code prohibits tampering with a governmental
record.  Section 37.10(a)(5) defines
tampering with a governmental record to include instances where a person “makes,
presents, or uses a governmental record with knowledge of its falsity.” Tex. Penal Code Ann. § 37.10(a)(5).

            According
to Appellant, because there was no evidence that the marriage license
application had been filed with the Texas Bureau of Vital Statistics (“TBVS”),
the evidence was legally insufficient to support a finding that the application
was a governmental record.  To support
her position, Appellant points out that Texas law mandates that such
applications must be filed with TBVS by the county clerk receiving the
application.[4]  Appellant
contends that until an application has been filed with TBVS, it is not a
governmental record as defined by section 37.01(2) of the Texas Penal
Code.  We disagree.

            Section
37.01(2) sets forth the definition of a “governmental record,” which includes “anything
belonging to, received by, or kept by government for information, including a
court record.”  Tex. Penal Code Ann. § 37.01(2)(A) (Vernon Supp. 2006).  “Government” is defined under the Code as “the
state; . . . a county, municipality, or political subdivision of the state; or
. . . any branch or agency of the state, a county, municipality, or
political subdivision.”  Id. § 1.07(a)(24) (Vernon Supp.
2006).

            The
Houston County Clerk’s Office falls within the definition of “government.”  See id.  A marriage license application that is
physically handed to an employee of a county clerk’s office for the purpose of
procuring a marriage license becomes a record “received by government for
information” and, thus, a “governmental record.”  See id. § 37.01(2)(A).  The fact that the county clerk was required
to forward the application to the TBVS for record keeping is irrelevant to the
question of whether an application “was received” by government.  

            The
evidence was undisputed that this marriage license application was physically
handed over by Appellant to Spencer, a deputy clerk, in an attempt to obtain a
marriage license.  After reviewing the
evidence in the light most favorable to the verdict, we hold that a rational
trier of fact could have found beyond a reasonable doubt that the marriage
license application was a governmental record. 
Therefore, the evidence was legally sufficient to support the jury’s
governmental record finding.  See King,
29 S.W.3d at 562.  We overrule Appellant’s
first issue.

 

Sufficiency
of Indictment

            In
her second issue, Appellant argues that her conviction for forgery was based
upon an indictment that did not state a criminal offense.

            The
sufficiency of an indictment is a question of law.  State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004).  The trial court
is not in an appreciably better position to make this determination than is an
appellate court.  Id.  Therefore, we review the sufficiency of an
indictment de novo.  Id.

            A
person commits the criminal offense of forgery by passing when she, with the
intent to defraud or harm another, passes a writing that purports to have been
executed at a time or place other than was in fact the case.  Tex.
Penal Code Ann. § 32.21.  The
indictment in question read as follows:

 

[Appellant] on or
about the 21st day of February, 2004,  .
. .  did then and there with intent to
defraud or harm another, pass to Houston County Deputy Clerk Tonia Spencer, a
forged writing, knowing such writing to be forged, and such writing had been so
made, completed, executed, or authenticated that it purported to have been
executed at a time or place other than was in fact the case, and said writing
was a Marriage License  . . . 

 

 

This indictment tracked the statutory
language of the Texas Penal Code and clearly alleged that Appellant committed
the criminal offense of forgery by passing. 
See id. 
Nonetheless, Appellant argues that the indictment failed to state a criminal
offense because the Texas Family Code mandates that every marriage entered into
in the State of Texas is presumed to be valid unless expressly made void by
statute or unless the marriage has been annulled.  See Tex.
Fam. Code Ann. § 1.101 (Vernon 2002). 
By this argument, Appellant implicitly contends that the marriage
license was valid and that she and Dr. Mitchell were parties to a valid
marriage.  Appellant’s argument relates
to the legal sufficiency of the evidence supporting her conviction, not to an
assessment of the sufficiency of the indictment.  Because Appellant’s second issue pertains
only to the sufficiency of the indictment, this argument is inapposite.  We overrule Appellant’s second issue.

 

Disposition

            We
affirm the trial court’s judgment.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

Opinion
delivered March 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
Dr. Mitchell subsequently filed a civil lawsuit against Appellant seeking that
the alleged marriage be declared void because no marriage ceremony had actually
occurred.  The marriage was annulled
following a bench trial.





[2]
See Tex. Penal Code Ann. §§
37.10(a)(5), 37.10(a)(1) (Vernon Supp. 2006).





[3]
See id. § 32.21 (Vernon Supp. 2006).





[4]
See Tex. Health & Safety Code
Ann. § 194.001(a) (Vernon 2001).