# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00280-CR

**Dan Carter, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
### NO. 9030019, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Dan Carter, Jr. of driving while intoxicated ("DWI"), enhanced to a felony, *see* Tex. Penal Code Ann. §§ 49.04 (West 2003), .09 (West Supp. 2006), and the district court sentenced him to six years in prison. Carter raises four points of error on appeal. We sustain his first point of error and reverse the judgment of the district court.

### Background

Due to our resolution of Carter's first point of error, we need present only a brief recitation of the facts. On September 15, 2001, Officer Jeffrey Lyde witnessed a vehicle driven by Carter make a "sliding stop" in the middle of an intersection. After Lyde signaled for the car to pull over, Carter ran three red lights, signaled incorrectly, and drove in the middle of two lanes before coming to a stop on top of a curb. Carter was too intoxicated to get out of his car and fell down when Lyde helped him out of the car. Carter smelled strongly of alcohol and was disheveled and red-eyed, and Lyde testified that he had never seen a person so intoxicated still able to drive.

Carter was indicted for DWI, enhanced to a third-degree felony under subsection 49.09(b)(1) of the penal code by an allegation that Carter had been convicted of involuntary manslaughter in October 1984. *See id.* § 49.09(b)(1). Carter filed a motion to quash the indictment, which the trial court denied. The jury convicted Carter of the felony charge, and the court sentenced him to six years' imprisonment.

**Discussion**

In his first point of error, Carter asserts that the trial court improperly denied his motion to quash.[1] The indictment alleged that Carter had been convicted in 1984 "of an offense under Section 49.08 Texas Penal Code [intoxication manslaughter] and an offense with elements similar to the elements of Section 49.09 Texas Penal Code as follows: Involuntary Manslaughter."[2] Carter asserts that the indictment impermissibly enhanced his offense to a felony because it relied on a conviction that could not be used for enhancement under subsection 49.09(b)(1). We agree.

In an opinion issued after the district court rendered its judgment of conviction and the parties briefed their arguments on appeal, the court of criminal appeals held that a prior conviction under former section 19.05 may not be used for enhancement under subsection

[1] Before *Moff*, appellate courts applied an abuse of discretion standard when reviewing decisions on motions to quash. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). However, the *Moff* court held that the "sufficiency of an indictment is a question of law" that should be reviewed *de novo*. *Id*. (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

[2] Carter's prior conviction was actually a conviction for involuntary manslaughter under former section 19.05(a)(2) of the penal code, the predecessor to section 49.08. *See* Act of May 28, 1973, 63d Leg., R.S., art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1124 (setting out section 19.05 as it read when Carter was convicted in 1984; replaced by Tex. Penal Code Ann. § 49.08 (West 2003)).

49.09(b)(1).[3] *Ex parte Roemer*, 215 S.W.3d 887, 889-90 (Tex. Crim. App. 2007). The court noted that subsection 49.09(b)(1) does not include prior convictions under former subsection 19.05(a)(2) and held that the explicit inclusion of former subsection 19.05(a)(2) convictions in subsection 49.09(c) as offenses "relating to the operating of a motor vehicle while intoxicated" showed that the legislature could have included section 19.05 convictions in subsection (b)(1), had it so chosen. *Id*.[4] Carter's 1984 conviction was under former section 19.05, not section 49.08 or a similar law of another state.[5] The indictment improperly used Carter's 1984 conviction to enhance this DWI charge to a felony under subsection 49.09(b)(1), and the district court erred in denying his motion to quash.

---

[3] A DWI is a Class B misdemeanor, *see* Tex. Penal Code Ann. § 49.04(b) (West 2003), that may be enhanced to a third-degree felony if the defendant was earlier convicted "one time of an offense under Section 49.08 or an offense under the laws of another state if the offense contains elements that are substantially similar to the elements of an offense under Section 49.08." *Id*. § 49.09(b)(1) (West Supp. 2006); *see also id*. § 49.09(a) (DWI may be enhanced to Class A misdemeanor with showing of one conviction for "offense relating to the operating of a motor vehicle while intoxicated"), (b)(2) (two such convictions may enhance DWI to third-degree felony offense), (c)(1)(E) (defining "[o]ffense relating to the operating of a motor vehicle while intoxicated" to include former section 19.05).

[4] Although the State argues that treating former section 19.05 convictions differently from convictions under its successor or similar out-of-state statutes will lead to absurd results, the majority in *Roemer* noted the disparate treatment and stated, "When the legislature specifically instructs us how to deal with an offense, we should give effect to each word and follow their direction." *Ex parte Roemer*, 215 S.W.3d 887, 890 (Tex. Crim. App. 2007); *see id*. at 895-98 (Keasler, J., concurring) (noting "inconsistency" in treatment of section 19.05 convictions); *see also id*. at 900-01 (Cochran, J., dissenting) (arguing that majority's interpretation "leads to absurd results"). The State also argues that section 19.05 convictions must be included for subsection 49.09(b)(1) to harmonize with former section 49.09(f), which allowed enhancement by section 19.05 convictions more than ten years old. *See* Act of May 25, 2001, 77th Leg., R.S., ch. 648, § 2, 2001 Tex. Gen. Laws 1213, 1214 (subsection 49.09(f) was repealed effective Sept. 1, 2005, by Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364). However, former subsection 49.09(f) did not state that such convictions could be considered in every application of section 49.09. *See id*.

[5] Carter's single prior conviction could be used to enhance this offense to a Class A misdemeanor under subsection 49.09(a). Tex. Penal Code Ann. § 49.09(a), (c)(1)(E).

**Conclusion**

The indictment improperly used an unavailable prior conviction to enhance this charge to a felony and thus served only to allege a misdemeanor offense. The district court lacks jurisdiction over misdemeanor offenses. *See* Tex. Code Crim. Proc. Ann. arts. 4.05, .07 (West 2005). We therefore reverse Carter's conviction and remand the cause to the district court with instructions to transfer the case to a court having jurisdiction over misdemeanor offenses.[6] *See Mitchell v. State*, 821 S.W.2d 420, 423 (Tex. App.—Austin 1991, pet. ref'd). Due to our resolution of Carter's first issue, we need not address his remaining complaints about the effectiveness of his trial counsel, all of which complain of counsel's conduct related to the enhancement of his offense.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed: May 15, 2007

Do Not Publish

_____

[6] Although Carter did not file a second motion to quash when the State amended the indictment one week before trial, the amendment merely corrected the date of his 1984 conviction and had no substantive effect on the allegations of the indictment. Carter's motion to quash, which had already been overruled when the indictment was amended, notified the trial court of Carter's complaints related to the enhancement paragraph, complaints that applied to the indictment with equal force after the amendment, and served to preserve his complaint for appellate review; the State does not argue otherwise.

4