**Opinion filed January 30, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00011-CR

_____

## WILLIAM ALEXANDER GLASS A/K/A BILL GLASS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 39th District Court**
**Haskell County, Texas**
**Trial Court Cause No. 6417**

### M E M O R A N D U M   O P I N I O N

William Alexander Glass a/k/a Bill Glass appeals his conviction of fabricating physical evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(2) (West Supp. 2013). Pursuant to a plea bargain, the trial court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seven years but then suspended the sentence and placed Appellant on community supervision for a term of seven years. The court

also required Appellant to pay $319 in court costs and a fine of $2,000. Although this is a plea bargain case, Appellant is appealing matters that were raised by written motion filed and ruled on before trial. *See* TEX. R. APP. P. 25.2 (a)(2). We affirm.

## I. *Issues on Appeal*

In two issues on appeal, Appellant contends (1) that the trial court erred when it failed to grant Appellant's motion to quash and dismiss his indictment and (2) that the facts alleged in the indictment were insufficient to establish the offense of fabricating physical evidence.

## II. *Proceedings in the Trial Court*

Appellant was charged by indictment with one count of fabricating physical evidence; one count of possession of a controlled substance—methamphetamine, less than one gram; and one count of unlawful arrest. The indictment alleged that Appellant was acting under the color of his employment as a public servant, and in the process of searching a detained vehicle, when he planted a controlled substance—methamphetamine that had previously been seized by law enforcement officials in another criminal investigation—in the vehicle. The indictment further alleged that Appellant then intentionally subjected the owner of that vehicle—Celestino Orona—to an unlawful arrest based on the evidence he planted.

Prior to his plea agreement, Appellant filed a motion to quash and dismiss his indictment with regard to his charge of fabricating physical evidence. Appellant's motion alleged that the indictment (1) was vague and ambiguous, (2) did not set out the charged offense in plain and intelligible words, (3) did not clearly set forth a violation of Section 37.09 of the Penal Code, and (4) did not set forth sufficient facts with which he could prepare his defense.

At a pretrial hearing, Appellant attempted to call witnesses in support of his motion to quash. The State objected and argued that the court lacked the authority

to inquire into whether the indictment was based on sufficient proof. The trial court sustained the State's objection and denied Appellant's motion to quash.

Pursuant to a plea agreement, Appellant then pleaded "No Contest" to his charge of fabricating physical evidence, and the State waived Appellant's remaining charges. The State also provided the trial court with a recommended sentence of seven years' imprisonment, probated for a term of seven years, and a $2,000 fine. The trial court agreed to the plea agreement, and Appellant received the recommended sentence.

### III. *Standard of Review*

The sufficiency of an indictment is a question of law. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). When the resolution of a question of law does not depend on an evaluation of the credibility and demeanor of a witness, the trial court's ruling is subject to de novo review. *Id.*

### IV. *Analysis*

In this case, Appellant argues that his indictment alleges that he found methamphetamine that was "false." Appellant contends that, because the methamphetamine itself was not "false," the allegations in the indictment were insufficient to plead the offense of fabricating physical evidence and were incapable of proof. Therefore, Appellant contends that the trial court should have dismissed his indictment. Because both of Appellant's issues relate to the content of his indictment, we will address both issues together.

An accused in a criminal case is guaranteed the right to demand the nature and cause of the action against him. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). A charging instrument that tracks the language of a criminal statute generally possesses sufficient specificity to provide a defendant with notice of a charged offense. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex. Crim. App. 1996). A motion to quash an indictment should be granted only when the language

regarding the accused's conduct is so vague or indefinite that it fails to give the accused adequate notice of the acts he allegedly committed. *DeVaughn*, 749 S.W.2d at 67.

In relevant part, the indictment at issue in this case alleged that on or about December 27, 2009, Appellant:

> [D]id then and there, knowing that an investigation was in progress, to-wit: the search of a motor vehicle, intentionally or knowingly make, present, and use evidence, to-wit: by planting and purporting to have found a controlled substance, with knowledge of its falsity, to wit: the methamphetamine had previously been seized as evidence in another criminal investigation, and with the intent to affect the course or outcome of the investigation.

This language tracks the statutory language of Section 37.09(a)(2) of the Penal Code, which states that a person commits the offense of tampering with or fabricating physical evidence if, knowing that an investigation or official proceeding is pending or in progress, he makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding. *See* PENAL § 37.09(a)(2).

Given that Appellant's indictment tracks the applicable statutory language, we find that the trial court did not err when it denied Appellant's motion to quash. *See Martinez v. State*, 879 S.W.2d 54, 57 (Tex. Crim. App. 1994) (holding that a charging instrument that tracks the language of the statute defining the offense will generally be sufficient to charge an offense). Contrary to Appellant's argument, the phrase "with knowledge of its falsity" in his indictment refers to the falsity of the planted evidence, not the falsity of the methamphetamine itself. The indictment was not vague and clearly set out the criminal offense with which Appellant was charged, as well as the details of that offense. Appellant's first and second issues are overruled.

## V. *This Court's Ruling*

The judgment of the trial court is affirmed.

JOHN M. BAILEY

JUSTICE

January 30, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.