

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00190-CR

THE STATE OF TEXAS, Appellant

V.

DEMARCUS DESHUN FOSTER, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 28,859

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

### I. Procedural and Factual History

Demarcus Deshun Foster was charged by indictment with engaging in organized criminal activity by "possess[ing,] with intent to deliver[,] a controlled substance" in violation of Section 71.02 of Texas' Penal Code. Foster filed a motion to quash the indictment, alleging that it failed to charge him with a criminal offense. Finding that the allegations in the indictment did not set forth a criminal offense, the trial court quashed the indictment. The State promptly filed this appeal.

Possession of a controlled substance with intent to deliver does not explicitly violate Texas' organized crime statute, but delivery of controlled substances does.[1] The question before this Court is whether possessing a controlled substance with the intent to deliver it can amount to a "delivery" of that controlled substance under the organized crime statute. Because we agree with the trial court that it does not, we affirm the order quashing the State's indictment.

### II. Standard of Review

The standard for assessing a trial court's ruling on a motion to quash differs depending on which judicial actor is best positioned to determine the issue in controversy. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Pure questions of law, such as the sufficiency of an indictment or the constitutionality of a statute, are reviewed de novo because the trial court and reviewing court are similarly situated with respect to deciding such issues. *See State v. Moff*,

---

[1]The statute also prohibits possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception. TEX. PENAL CODE ANN. § 71.02(a)(5) (West Supp. 2013). That provision is not applicable here.

154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Guzman*, 955 S.W.2d at 89; *Sample v. State*, 405 S.W.3d 295, 301 (Tex. App.—Fort Worth 2013, pet. ref'd).  We review rulings that turn on an evaluation of witness credibility and demeanor for an abuse of discretion.  *See Moff*, 154 S.W.3d at 601; *Guzman*, 955 S.W.2d at 89; *Sample*, 405 S.W.3d at 301.

### III.    The Indictment

The indictment in this matter charges Foster with engaging in the organized criminal activity of possessing a controlled substance in an amount of one gram or more but less than four grams, with intent to deliver.  The offense of engaging in organized criminal activity is defined by Section 71.02 of the Penal Code, which states, in pertinent part,

> (a)    A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, the person commits or conspires to commit one or more of the following:
>
> . . . .
>
> (5)    unlawful manufacture, *delivery*, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception;
>
> (5-a)    *causing the unlawful delivery*, dispensation, or distribution of a controlled substance or dangerous drug in violation of Subtitle B, Title 3, Occupations Code . . . .

TEX. PENAL CODE ANN. § 71.02(a)(5), (5-a) (West Supp. 2013) (emphasis added).

### IV.    The Trial Court Correctly Quashed the Indictment

The offense of engaging in organized criminal activity is committed by (1) delivering, dispensing, or distributing a controlled substance, (2) causing the delivery, dispensation, or

3

distribution of a controlled substance, or (3) possessing a controlled substance through forgery, fraud, misrepresentation, or deception. *Id.* However, the terms of the statute are not violated by simply possessing a controlled substance with the intent to deliver it. Since the latter is the only allegation in this indictment, Foster alleges that the trial court properly quashed the indictment based on its failure to state an offense.

The State argues that, in considering the meaning of the term "delivery" in Section 71.02 of the Penal Code, we must take into account other statutes. The State directs our attention to Section 481.112 of the Texas Health and Safety Code, which sets out the complete gamut of offenses involving controlled substances. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2010). The State places importance on the title of Section 481.112—"Offense: Manufacture or Delivery of Substance in Penalty Group 1." The statute states that an offense is committed by one who knowingly "manufactures, delivers, or possesses with intent to deliver" a controlled substance. The gist of the State's argument is that all methods of violating that statute constitute either manufacture or delivery of controlled substances. Logically, the conduct charged in this indictment—possession with intent to deliver—cannot constitute any form of manufacturing a controlled substance; consequently, according to the State's logic, it must constitute "delivery." By incorporating that meaning of "delivery" into Section 71.02 of the Penal Code, the State concludes that possession with intent to deliver is one means of violating Section 71.02's proscription against delivery of a controlled substance and that, consequently, the indictment against Foster did allege the commission of a criminal offense.

4

While there are several flaws in the reasoning urged by the State on this issue, the most obvious is that the Texas Legislature defined the term "deliver" in the Texas Controlled Substances Act, and that definition is at odds with the definition proposed by the State. Under Section 481.002 of the Texas Controlled Substances Act, "'Deliver' means to transfer, actually or constructively, to another a controlled substance . . ., regardless of whether there is an agency relationship. The term includes offering to sell a controlled substance, counterfeit substance, or drug paraphernalia." TEX. HEALTH & SAFETY CODE ANN. § 481.002(8) (West Supp. 2013). This definition simply does not include the act of possessing a controlled substance, even if your intent is to later deliver that substance. According to this definition, delivery requires an act of transfer. That act can be an actual, physical transfer from one person to another, or it can be a constructive transfer where the possessor agrees to sell the substance to another person. Either way, it requires something more than mere possession with the intent to later transfer it; it requires an act in furtherance of that intent.

Simplicity and straight-forward analysis are often lacking in the law, but this situation lends itself to just that. The trial court's analysis of the conspiracy statute is correct, and we are not convinced that we should import additional verbiage from sections of a different Code so that the Penal Code actually means something different than its plain meaning.

Alternatively, the State also argues that, if we conclude that the language fails to allege a crime under Section 71.02, we should read it as alleging an offense by applying Section 71.01(b) of the Penal Code to the analysis. Section 71.01(b) defines the phrase "conspires to commit." The State contends that we should use that section to conclude that the indictment alleges that

5

Foster conspired to commit the crime of a completed delivery. That theory was not raised in the trial court and appears for the first time on appeal.

While the State concedes that there is no language in the indictment alleging a conspiracy to commit a crime, it argues that we should nevertheless interpret the indictment as alleging a conspiracy because a conspiracy could have been alleged on the facts of this case. The trial court did not err quashing the indictment based upon a theory neither supported by the language of the indictment nor argued by the State.

We affirm the order quashing the indictment.


                                        Jack Carter
                                        Justice


Date Submitted:    April 2, 2014
Date Decided:      June 2, 2014

Do Not Publish

6