

# IN THE
# TENTH COURT OF APPEALS

No. 10-15-00376-CR

SAMUEL UKWUACHU,

Appellant

v.

THE STATE OF TEXAS,

Appellee

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2014-1202-C2**

# MEMORANDUM OPINION

Samuel Ukwuachu appeals from a conviction for the offense of sexual assault. TEX. PENAL CODE ANN. § 22.011. In six issues, Ukwuachu complains that his due process rights were violated due to the presentation of false testimony relating to cell phone records of his roommate during the State's cross-examination of his roommate's friend (issue one) and his roommate (issue two); that the indictment was defective; that evidence of an extraneous offense was improperly admitted; that his due process rights were

violated due to an abuse of the grand jury process by the State; and that text messages between the victim and a friend of hers the night of the alleged offense were improperly excluded. Because we find that Ukwuachu's due process rights were violated by the use of false testimony, we reverse the judgment of the trial court and remand for a new trial.[1]

**INDICTMENT**

Because the validity of the indictment would result in the greatest relief if granted, we will address that issue first. In his third issue, Ukwuachu complains that the indictment against him is facially insufficient for failing to allege the manner and means in which the lack of consent was obtained. Ukwuachu did not file a motion to quash the indictment prior to trial.

"The sufficiency of an indictment is a question of law." *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). "[T]o comprise an indictment within the definition provided by the constitution, an instrument must charge: (1) a person; (2) with the commission of an offense." *Cook v. State*, 902 S.W.2d 471, 477 (Tex. Crim. App. 1995). "[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective."

---

[1] We initially reversed the judgment based on the issue relating to the text messages; however, the Court of Criminal Appeals reversed our judgment and remanded this proceeding for us to consider Ukwuachu's other issues. *See Ukwuachu v. State*, 2018 Tex. Crim. App. Unpub. LEXIS 442, 2018 WL 2711167 (Tex. Crim. App. June 6, 2018).

*Duron v. State*, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). If the State fails to allege an element of an offense in an indictment or information, then this failure is a defect in substance. *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990). The accused must object to substance defects before trial begins; otherwise the accused forfeits his right to raise the objection on appeal or by collateral attack. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding."); *Duron*, 956 S.W.2d at 550-51. Because Ukwuachu did not file a motion to quash the indictment in this proceeding, this complaint has been waived. We overrule issue three.

**FALSE TESTIMONY**

In his first and second issues, Ukwuachu complains that his due process rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution were violated by the State's use of false testimony. The false testimony relates to Ukwuachu's roommate's location and whether phone calls were made around the time of the alleged offense. The complaint is that the false testimony was created by the way in which the State made use of his roommate's cell phone records, which were provided to Ukwuachu on the second day of the trial, but which were excluded from evidence.

Regardless of whether done knowingly or unknowingly, the State's use of material testimony that is false to obtain a conviction violates a defendant's right to due process under the Fifth and Fourteenth Amendments. *Ex parte Chavez*, 371 S.W.3d 200, 207-08 (Tex. Crim. App. 2012). The due-process inquiry is twofold: (1) was the testimony, in fact, false, and if so, (2) was the testimony material. *Ex Parte Weinstein*, 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). As to the falseness inquiry, the false testimony or evidence need not rise to the level of perjury to violate due process; it is sufficient if the testimony or evidence is "false." *Id.*, at 665-66. But whether the testimony is "false" is determined by asking whether the testimony, taken as a whole, "gives the jury a false impression." *Chavez*, 371 S.W.3d at 208. If the testimony is determined to be false, we must then determine whether the testimony was "material." *Weinstein*, 421 S.W.3d at 665. False testimony is material if there is a "reasonable likelihood" that it affected the judgment of the jury. *Id*. (*citing Chavez*, 371 S.W.3d at 206-07).

On the second day of trial, the State informed the trial court that it had just received Ukwuachu's roommate's cell phone records and had shown them to Ukwuachu's roommate and Ukwuachu's roommate's attorney. Ukwuachu objected to the records and was given a continuance for the afternoon to review the records and to speak with Ukwuachu's roommate regarding whether or not he would testify or whether he would invoke his Fifth Amendment right to not testify against himself. Based on what the phone records allegedly showed, Ukwuachu's roommate was threatened with perjury charges

by the State relating to grand jury testimony he had been forced to give shortly before trial if he were to choose to testify at trial consistent with his grand jury testimony.[2] Based on the time and location data shown in the phone records, the State argued that Ukwuachu's roommate was across town during the alleged assault rather than in their apartment as the roommate had testified before the grand jury. But the times shown in the phone records were in UTC (Coordinated Universal Time), which was five hours different from local time. Due to this five-hour difference in time for when the calls were made, Ukwuachu claimed that his roommate's testimony was not shown to be untrue by the records as argued by the State. The trial court did not allow the admission of the phone records but allowed the State to ask questions about making phone calls.

Notwithstanding the exclusion of the phone records, during its cross-examination of both Ukwuachu's roommate and Ukwuachu's roommate's friend, the State referred to the phone records as though they definitively showed that Ukwuachu's roommate was calling his friend from across town during the time when the roommate had testified he was in the apartment he shared with Ukwuachu. In addition to using the records during cross-examination, in its closing argument the State referenced the time and location data of the calls as showing that Ukwuachu's roommate was not in the apartment during the

---

[2] The State discovered Ukwuachu's roommate's cell phone number during grand jury testimony he was subpoenaed to provide a few weeks prior to Ukwuachu's trial. The alleged violation of Ukwuachu's due process rights relating to Ukwuachu's roommate's being forced to testify before the grand jury relating to this offense is the basis for Ukwuachu's fifth issue. The State used the information received from the grand jury to subpoena Ukwuachu's roommate's cell phone records and to impeach his roommate's testimony at trial.

alleged assault as Ukwuachu's roommate had testified.

At the motion for new trial hearing, Ukwuachu provided an affidavit by an expert in computer forensics who contended that it was impossible to accurately verify location data solely from the records without additional review by an expert, that the latitude and longitude given on this type phone records was rarely precisely accurate, and that it would take many hours for an expert to accurately provide the location of where an individual was when a call was made. The State had contended that it had just received the records from the cell phone provider during trial, although the State mentioned that its expert designated prior to trial had reviewed them.

We find that the State's repeated references to what the cell phone records showed, including the location and time of calls made, without their admission into evidence created a false impression with the jury.[3] Testimony was elicited from both Ukwuachu's roommate and Ukwuachu's roommate's friend while referencing records that were not in evidence and in a manner that indicated that the records definitively showed Ukwuachu's roommate's location at certain critical times when they did not.

We must next determine whether or not the testimony was "material," that being that there is a "reasonable likelihood" that it affected the judgment of the jury. *Chavez*, 371 S.W.3d at 206-07. If a due-process violation stemming from a use of material false testimony is found, harm is necessarily proven. *Weinstein*, 421 S.W.3d at 665.

---

[3] We do not disagree with the trial court's exclusion of the records.

It was extremely important to the State's case to put the roommate outside the apartment at the time of the alleged assault. Ukwuachu's roommate testified that he was in the apartment prior to Ukwuachu returning home the night of the alleged assault, heard Ukwuachu and a female come into the apartment, and did not hear any sounds or signs of a struggle as the victim described in her testimony. The State went to great lengths to discredit Ukwuachu's roommate's testimony by showing his location at the time the phone calls were made using records the State could not get admitted into evidence.

This was a case where the central issue was consent. There was no dispute that sexual intercourse occurred. The credibility of Ukwuachu, the victim, and his roommate, who were the only persons potentially in the apartment, was the most significant aspect of the trial. The State's case was strengthened significantly by showing that Ukwuachu's roommate was not in the apartment or that he was making calls at times he had contended he was asleep based on records that the State knew it could not admit into evidence and that created a false impression. We find that there is a "reasonable likelihood" that the false impression affected the judgment of the jury. *Chavez*, 371 S.W.3d at 206-07. Because of this, we sustain issues one and two and reverse the judgment of the trial court and remand for a new trial. Because we are reversing the judgment and remanding for a new trial, it is not necessary for us to address Ukwuachu's other remaining issues. TEX. R. APP. P. 47.1.

CONCLUSION

Having found that the use of the cell phone records constituted a due process violation, we reverse the judgment of conviction and remand this proceeding for a new trial.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Reversed and remanded
Opinion delivered and filed July 10, 2019
Do not publish
[CR25]

