**Opinion filed September 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00153-CR
_____

### THE STATE OF TEXAS, Appellant

### V.

### RICHARD BERNARDINA SALGA LOYA, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR53839**

## M E M O R A N D U M   O P I N I O N

Appellee, Richard Bernardina Salga Loya,[1] was indicted and later reindicted for the offense of stalking. After the trial court granted Appellee's motion to quash the reindictment, the State appealed. In its sole issue on appeal, the State contends that the trial court erred when it quashed the reindictment. We reverse and remand.

---

[1]Appellee's name on the original indictment was interlineated to correct his name to "Richard Bernardino Salgado Loya." However, because the reindictment failed to incorporate that correction, we have kept his name as it appears in the reindictment.

## I. *Procedural Background*

The State originally indicted Appellee on August 1, 2019, for the offense of stalking. *See* TEX. PENAL CODE ANN. § 42.072 (West 2016). The State alleged that Appellee committed the offense by "knowingly engag[ing] in conduct that [Appellee] knew or reasonably should have known that the complainant would regard as threatening bodily injury to the complainant." We note that the original indictment did not allege that Appellee engaged in conduct that constituted harassment. *See id.* § 42.07 (West Supp. 2020). In his amended motion to quash the original indictment, Appellee argued that the indictment failed to clearly allege an essential element of the offense of stalking—namely, that Appellee's conduct would cause a reasonable person to be affected in any of the ways prescribed under Section 42.072(a)(3). *See id.* § 42.072(a)(3)(A)–(D). The trial court granted Appellee's motion and quashed the indictment.

On February 18, 2020, the State filed a reindictment, which again charged Appellee with stalking. The reindictment, *inter alia*, included the additional allegation that Appellee committed the offense of stalking by engaging in conduct that constituted harassment under Section 42.07, "namely [by] sending multiple electronic messages." Appellee then moved to quash the reindictment on the grounds that the State failed to allege the essential elements of harassment as a predicate element of stalking. The trial court granted Appellee's motion and quashed the reindictment. Upon the State's request, the trial court filed findings of fact and conclusions of law.

On appeal, the State argues that the trial court erred when it granted Appellee's motion to quash the reindictment on the grounds that the State failed to allege the elements of harassment as the predicate offense of stalking.

## II. *Standard of Review*

Because the sufficiency of an indictment is a question of law, we review the trial court's decision to quash the indictment de novo. *State v. Zuniga*, 512 S.W.3d

902, 906 (Tex. Crim. App. 2017); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

### III. *Analysis*

A criminal defendant has the constitutional right to notice of the offense charged and its nature. U.S. CONST. amend. IV; TEX. CONST. art. 1, § 10. Accordingly, an indictment must set forth the offense "in plain and intelligible words." TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009). An indictment also should state everything "which is necessary to be proved." *Id.* art. 21.03. To be sufficient, an indictment must allege the commission of the offense "in ordinary and concise language . . . to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged," and to enable the trial court to pronounce the proper judgment upon a conviction. *Id.* art. 21.11. As a general rule, an indictment that tracks the language of the applicable statute will satisfy constitutional and statutory requirements of adequate notice. *Hughitt v. State*, 583 S.W.3d 623, 626 (Tex. Crim. App. 2019); *see Zuniga*, 512 S.W.3d at 907.

Section 42.072 provides that three elements must be established to prove the offense of stalking. *See* PENAL § 42.072. In his motion to quash the reindictment, Appellee's notice contention concerned the first element of the statute. *See id.* In relevant part, Section 42.072(a)(1) provides that a person commits the offense of stalking if he, on more than one occasion and pursuant to the same scheme or course of conduct that is directed specifically at another person, knowingly engages in conduct (1) that constitutes harassment under Section 42.07 or (2) that he knows or reasonably should know the other person will perceive as threatening bodily injury or death to the other person or threatening that an offense will be committed against the other person's property. *Id.* § 42.072(a)(1)(A), (C). Therefore, one of the ways to prove the first element of stalking under Section 42.072(a)(1) is to establish the offense of harassment as defined by Section 42.07. *See id.* §§ 42.072(a)(1), 42.07.

Here, the reindictment tracked the language of Section 42.072. As to the first element of stalking, the reindictment charged that:

> on more than one occasion and pursuant to the same scheme and course of conduct that was directed specifically at . . . the complainant, [Appellee] knowingly engage[d] in conduct that *constituted an offense under Section 42.07 of the Texas Penal Code, namely sending multiple electronic messages*, and knowingly engage[d] in conduct that [Appellee] knew or reasonably should have known that the complainant would regard as threatening bodily injury . . . .

(emphasis added). *See id.* § 42.072(a)(1). Under Section 42.07, a person commits the offense of harassment if he acts "with the intent to *harass, annoy, alarm, abuse, torment, or embarrass another*," and his conduct satisfies any one of the seven enumerated manner and means provided under that subsection. *Id.* § 42.07(a)(1)–(7) (emphasis added). In this case, Appellee asserts that the harassment allegation recited in the reindictment cannot put him on notice for the charged offense of stalking because there are seven different means by which to commit the predicate offense of harassment under Section 42.07(a)(1). We disagree.

To provide sufficient notice of the charged offense, an indictment must be specific enough to inform the accused of the nature of the State's accusation against him so that he may prepare a defense. *Moff*, 154 S.W.3d at 601. Here, the allegation "under Section 42.07"—"namely sending multiple electronic messages"—was specific enough to inform Appellee of the nature of the State's accusation against him with respect to the predicate offense of harassment. Based on the language in the reindictment and the relevant statute, the only applicable manner and means by which Appellee could have committed harassment in this instance is set out in Section 42.07(a)(7), which provides that the person "sends repeated electronic communications in a manner reasonably likely to *harass, annoy, alarm, abuse, torment, embarrass, or offend another*." *Id.* § 42.07(a)(7) (emphasis added). Appellee maintains that to be sufficient the reindictment was required to track the

language of Section 42.07(a)(7) in its entirety and include the constituent elements of harassment. We cannot agree.

As the State points out in its brief, courts have consistently rejected the argument advanced by Appellee with respect to the need for alleging elements of predicate offenses in charging instruments. Analogous authority dictates that when the commission of a predicate offense is an element of the charged offense, the elements of the predicate offense need not be alleged in the indictment. *See, e.g.*, *Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995) (capital murder indictment need not allege the constituent elements of predicate felony offense); *Linville v. State*, 620 S.W.2d 130, 131 (Tex. Crim. App. [Panel Op.] 1981) (robbery indictment need not allege the constituent elements of or facts surrounding predicate offense of theft); *Buxton v. State*, 526 S.W.3d 666, 682 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (continuous sexual abuse indictment need not allege the manner and means by which predicate offenses were committed). We see no reason to deviate from this rationale in the case before us. Therefore, we hold that the State was not required to allege the constituent elements of harassment in the reindictment in order to provide Appellee sufficient notice of the stalking charge that was brought against him.

Additionally, we note that it is clear from the record that Appellee had actual notice of the State's predicate harassment allegation under Section 42.07. In his motion to quash the reindictment, Appellee specifically identified and referred to Section 42.07(a)(7) as the applicable statutory manner and means for the predicate offense. *See Smith v. State*, 297 S.W.3d 260, 267 (Tex. Crim. App. 2009) (holding that appellant did not suffer harm where the record clearly showed that appellant had actual notice of the allegations charged by the State). Appellee asserted in his motion that the reindictment was deficient because the State failed to recite verbatim the language of Section 42.07(a)(7). However, the only pertinent language from Section 42.07(a)(7) that is "absent" from and not specifically alleged in the

5

reindictment is this phrase: "*in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another*." PENAL § 42.07(a)(7) (emphasis added). This "absent" language, however, is essentially the same language as that which is stated in Section 42.07(a), to which the reindictment referred. Therefore, we cannot agree with Appellee that the reindictment failed to adequately apprise him of the State's accusation against him such that he would be unable to prepare a defense.

Although the better practice would perhaps have been for the State to either (1) allege in the reindictment the statutory language for the predicate offense in its entirety or (2) merely cite the applicable statutory subsection in the body of the reindictment, i.e., Section 42.07(a)(7), we hold that the reindictment in this case was sufficient to give Appellee adequate notice of the State's allegations against him. *See* CRIM. PROC. art. 21.03. Therefore, the trial court erred when it granted Appellee's motion to quash the reindictment. Accordingly, we sustain the State's issue on appeal.

## IV. *This Court's Ruling*

We reverse the order of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

W. STACY TROTTER
JUSTICE

September 9, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6